## RUDOLPH v. PRICE et al.†

(Court of Civil Appeals of Texas. Amarillo. March 23, 1912. Rehearing Denied April 20, 1912.)

1. CONTINUANCE (§ 26*)—ABSENT WITNESSES—DILIGENCE.

Where proper diligence is not shown, a party is not entitled to a continuance on the ground of absent witnesses.

[Ed. Note.—For other cases, see Continuance, Cent. Dig. §§ 74–93; Dec. Dig. § 26.*]

2. APPEAL AND ERROR (§ 854*)—AFFIRMANCE—GROUNDS.

Where the trial court properly denied a motion for continuance, its action will be upheld, even though based on an improper reason.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3403, 3404, 3408–3430; Dec. Dig. § 854.*]

3. EVIDENCE (§ 441*)—DOCUMENTARY EVIDENCE—PAROL EVIDENCE.

A valid written contract, such as a deed of trust, cannot be varied or contradicted by a parol contemporaneous agreement.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2030–2047; Dec. Dig. § 441.*]

4. MORTGAGES (§ 338*) — RESTRAINING ENFORCEMENT—EVIDENCE.

In an action to enjoin the enforcement of a note secured by a deed of trust, on the ground that the note was without consideration and was accommodation paper, evidence of the financial condition of the payee and the fact that the note was given to enable him to avoid prosecution was properly excluded; but plaintiff was properly allowed to introduce evidence of a lack of consideration.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1026–1035; Dec. Dig. § 338.*]

5. WITNESSES (§ 248*) — EXAMINATION — RESPONSIVENESS OF ANSWER.

Where a witness was asked when he first learned that a note and deed of trust executed by him had been transferred by the payee to another, his answer that the first time he ever heard of it was when the cashier of a bank told him that the payee had transferred it was irresponsive and properly excluded.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 861–863; Dec. Dig. § 248.*]

6. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS of ERROR—SUFFICIENCY.

Under rule 31 of the Courts of Civil Appeals (142 S. W. xiii), providing that to each of the propositions there shall be subjoined a brief statement of such proceedings as will be necessary and sufficient to explain and support the proposition, an assignment of error and a proposition complaining of the giving of a special charge, which contains only part of the special charge, cannot be reviewed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

Appeal from District Court, Sherman County; W. B. Chauncey, Special Judge.

Action by C. F. Rudolph against L. M. Price and another. From a judgment for defendants, plaintiff appeals. Affirmed.

C. F. Rudolph, of Stratford, for appellant. Madden, Trulove & Kimbrough, of Amarillo, for appellees.

HALL, J. This suit was instituted by appellant, C. F. Rudolph, to enjoin a trustee's sale under a deed of trust executed by appellant to secure appellee O. F. Loomis in the payment of a certain promissory note, executed by appellant, Rudolph, in the sum of $2,114.98. Appellant, Rudolph, alleges, in substance, the threatened sale, that he does not owe the note or any part thereof, the transfer of the note from appellee Loomis to appellee Price; that the only indebtedness of a similar amount which is due the said Loomis by any person was a loan made by the said Loomis to the Union Town Company, in the sum of $2,000, about the 25th day of July, 1907; that said loan was made for a consideration of 10 shares of the capital stock of said Town Company, and that Loomis demanded and retained no security for said loan; that afterwards, on about the 10th day of December, 1907, appellant, as an act of accommodation to Loomis, and to enable him to tender security to one H. A. Kight on an indebtedness due to the said Kight from the said Loomis, and the security for which indebtedness, previously given to the said Kight, he (the said Loomis) had previously destroyed and rendered valueless, and that, wholly without consideration to appellant, he had delivered to Loomis the note and the deed of trust, which is sought to be foreclosed by trustee's sale. Appellant further alleges that at the time of the execution of the note and deed of trust he frequently informed the appellee Loomis that the said Union Town Company, and not appellant, would have to pay the debt; that the assignment and transfer of said note and deed of trust was made by Loomis to Price without the knowledge and consent of appellant. Appellant further alleges that there was no consideration for the note and mortgage attempted to be foreclosed; and that said note was accommodation paper. Appellees denied that the note was executed or delivered by appellant to Loomis as accommodation to him and without consideration, but that it was a renewal and extension of a prior indebtedness existing between the parties, evidenced by the note, in the sum of $2,000, dated July 24, 1907; that upon execution of the new note the old note was canceled; that the original note was made for a loan of money which defendant himself borrowed, in order to loan to plaintiff.

By cross-action, appellee Price sought judgment for the amount of the last note and

foreclosure of the deed of trust. There was a verdict and judgment in favor of appellees, and appellant, Rudolph, is before us upon numerous assignments of error.

[1, 2] Appellant first assigns as error the refusal of the court to grant a continuance for want of testimony of the witness H. A. Kight. It is clear from the record that the court did not err in refusing the application, because diligence was not shown by appellant. The application does not state that appellant had used due diligence to procure the testimony of the witness. It appears from the assignment that the court overruled the application, because the testimony of H. A. Kight would be "immaterial and inadmissible, and was not a proper manner in which to impeach the witness Loomis or attack his credibility, and, if allowed, would be calculated to prejudice him with the jury." In our opinion, as will be more fully discussed hereafter, the testimony was in a large measure immaterial and inadmissible. If the ruling of the court below was correct, the reasons assigned by the trial court for such ruling are not binding upon this court, and the trial court's action, if proper, will be upheld upon any ground which is sufficient in the judgment of this court.

[3] The second assignment of error challenges the refusal of the court to allow appellant to testify that at the time of executing and delivering to the defendant Loomis the note and deed of trust herein sued upon on the 10th day of December, 1907, he stated to Loomis, and repeatedly thereafter, that the Union Town Company would have to pay the debt, and not appellant, and/ that such was the agreement. It is well settled that the terms of a valid written contract cannot be contradicted or varied by a contemporaneous parol agreement in this manner, and the special judge did not err in not admitting such testimony.

[4] The third assignment of error is as follows: "The court erred in refusing to allow the testimony of the witness, C. F. Rudolph, showing the nature and extent of the embarrassment of O. F. Loomis, which induced plaintiff to make in his favor the note and deed of trust sued upon, which testimony is particularly set out in plaintiff's bill of exception No. 3, to be considered by the jury, because said testimony was in line with and supporting plaintiff's material allegations, was directly pertaining to the defendants' answer and denials, and was exempt from the rule requiring the written evidence to be first produced, since the court, in sustaining defendants' objection to this testimony and in overruling plaintiff's first application for a continuance, held that the same was immaterial, irrelevant, and inadmissible, prejudicial to the defendant Loomis, and not pertaining to any issue in this case, under any view of the pleadings and of the law." The statement following this assignment is as follows: "The plaintiff, the jury being with-

drawn, offered the following testimony, and asked that it be allowed to be considered by and repeated to the jury: 'The statement I was going to make was in line with my pleadings, to the effect that this paper was given to Mr. Loomis to protect him against threatened prosecution by one H. A. Kight, who had advanced Loomis certain money, the security being cattle and land, and receiving therefor a chattel mortgage on the cattle and deed of trust on the land, and Loomis had shipped and sold the cattle and appropriated the money to his own use, and had given a deed of trust for that land for a large amount, the mortgage and deed of trust having been withheld from the record at the request of Loomis, the sale of the cattle, the disposal of the money, and the reincumbering of the land being without Kight's knowledge or consent, and the execution of this accommodation paper to Mr. Loomis was to meet this emergency and avoid prosecution.' " Some of the objections made to this testimony, and which were sustained by the court, were that the testimony was immaterial, irrelevant, and highly prejudicial to defendant Loomis, and was not pertinent to any issue in the case. In sustaining the objection, the court held that that part of the testimony relating to the alleged criminal act of Loomis in disposing of mortgaged property, appropriating money to his own use, and placing a new incumbrance upon the land, was improper.

In connection with this assignment, the statement of facts shows that Rudolph testified as follows: "This paper was given to Loomis—this note and ·deed of trust—as accommodation paper, to protect him against various severe pressure on the part of his creditor, Mr. Kight, to meet which indebtedness to Mr. Kight, Mr. Loomis stated that he had neither money nor security to put up. I did this because Mr. Loomis and I were partners in business, our relations were friendly, cordial, and confidential, and because from his own statement and those of Mr. Kight it appeared very necessary that he should have such paper. It was given to him for a 90-day period of time, loaned to him, with the understanding that it was to be applied or used as collateral to secure Kight, and until other arrangements, either to secure or pay, could be made by Loomis. Loomis afterward paid same." The testimony last above quoted was admitted for the consideration of the jury; and under the issues we think appellant cannot complain, since the testimony admitted by the court is all, if not more, than he had a right to demand under the state of the pleadings. It will be observed that, while the note and mortgage had been assigned and transferred by Loomis to Price, in the trial of the cause, Price sought no advantage by reason of being the transferee of accommodation paper; but the contest was waged by him from the standpoint of Loomis. The pleadings of Ru-

dolph raised the issue of accommodation paper and also want of consideration. Price insisted that it was not accommodation paper, but that the note and mortgage were based upon sufficient consideration. This being the state of the controversy, it was permissible for Rudolph to introduce any competent testimony to sustain his allegation that the note had been executed by him for the accommodation of Loomis; and the trial judge, in admitting the testimony last above quoted, certainly gave him that right to its fullest extent. To permit him to go further and drag into the case a lot of matter which has no bearing whatever upon the issue of accommodation paper, nor upon the issue of want of consideration, but the effect of which would have been solely to have prejudiced Loomis in the minds of the jury, was a right to which appellant is not entitled, as we understand the rule requiring the evidence, not only to correspond with the allegations, but to be confined to the very point at issue. Since the appellee Price stood in the shoes of Loomis and sought no advantage by reason of being the assignee of the paper, the issue of accommodation paper becomes immaterial, and the contest really narrowed down to the question of consideration. If in fact there was no consideration moving to Rudolph at the time of the execution of the note, it becomes wholly immaterial what motives of friendship impelled Rudolph in executing the note to Loomis. There being no consideration, Price could not recover on it; and, in our opinion, if there was a consideration for it, Rudolph's reasons for its execution are equally immaterial. The alleged crimes of Loomis were collateral matters and res inter alios acta; and their introduction could not have been sustained upon any known rule of evidence. Biggar v. Lester, 27 S. W. 707; Stockton v. Brown, 106 S. W. 423; M., K. & T. Ry. Co. v. Bailey, 53 Tex. Civ. App. 295, 115 S. W. 601-607; Stuart v. Kohlburg, 53 S. W. 596; Roche v. Coleman (Ky.) 42 S. W. 739. "The fact that a person wishes or hopes to do a thing, or that the thing has been done, because of a particular reason, * * * while it may have some psychological connection with the act, and may, from an analytical standpoint, suggest some logical inference with respect to the act, is not such evidence as the law recognizes as a basis of legal inference." McKelvey's Ev. p. 192, § 115½.

[5] The fourth assignment of error is without merit. Appellant was asked the question when he first learned that the note and deed of trust which he had given to Loomis had been transferred by Loomis to Price, and his answer was: "The first time I ever heard of it was when John Houser, cashier of the First State Bank, told me that Loomis had transferred them to Price and Fuqua."

The answer is manifestly not responsive to the question.

[6] The fifth assignment of error complains of the action of the court in giving a special charge requested by appellees, and purports to quote one sentence from the charge. We cannot consider this assignment, because in neither the assignment, proposition, nor statement has the charge been copied in appellant's brief. We find a special charge copied in appellees' brief, which appellees admit to be the charge complained of, and we do not find the sentence quoted in appellant's assignment anywhere in the charge, and this assignment will be ignored. Rule 31 (142 S. W. xiii) for the government of Courts of Civil Appeals; Couturie v. Crespi, 134 S. W. 257; Kostoryz v. Leary, 130 S. W. 456; Stone v. Stitt, 56 Tex. Civ. App. 465, 121 S. W. 187; Crystal City v. Boothe, 126 S. W. 700; G., H. & S. A. Ry. v. Johnson, 133 S. W. 725.

The sixth assignment complains of the court's refusal to give special charge No. 6, requested by appellant. The charge requested is argumentative, and, in our opinion, is upon an issue not supported by either the pleadings or the evidence, and is therefore overruled.

The seventh, eighth, and ninth assignments challenge the sufficiency of the evidence to support the verdict and judgment; and the tenth assignment is based upon the alleged error of the court in overruling plaintiff's motion for a new trial. These assignments relate to matters within the province of the jury and trial judge, and are all overruled.

Finding no reversible error in the record, the judgment of the lower court is affirmed.