CAMPBELL v. ELLIOTT.

(Court of Civil Appeals of Texas. Ft. Worth. Oct. 26, 1912. Rehearing Denied. Nov. 23, 1912.)

1. APPEAL AND ERROR (§ 1097*)—LAW OF THE CASE.

The decision of the court on appeal conclusively settles the questions determined thereby, and they will not be considered on a subsequent appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4358–4368, 4427; Dec. Dig. § 1097.*]

2. PUBLIC LANDS (§ 177*)—ACQUISITION—FRAUD—PARTY ENTITLED TO COMPLAIN.

The state alone may take advantage of fraud in transactions for the acquisition of its lands, where the rights of an individual do not antedate such fraud.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 576–578; Dec. Dig. § 177.*]

3. CONTINUANCE (§ 26*)—ABSENCE OF WITNESSES—DILIGENCE.

A continuance on the ground of the absence of a witness is properly denied, where no diligence is shown to procure the testimony of the witness for the trial.

[Ed. Note.—For other cases, see Continuance, Cent. Dig. §§ 74–93; Dec. Dig. § 26.*]

Error from District Court, Nolan County; James L. Shepherd, Judge.

Action by J. A. Elliott against I. C. Morris, continued after the death of defendant by W. A. Campbell, administrator. There was a judgment for plaintiff, and defendant brings error. Affirmed.

J. M. Wagstaff, of Abilene, and J. F. Eidson, of Sweetwater, for plaintiff in error. Orrick & Terrell, of Ft. Worth, for defendant in error.

SPEER, J. This case has been twice before appealed to the Court of Civil Appeals; the reports of those appeals being found in 43 Tex. Civ. App. 482, 98 S. W. 221, and 49 Tex. Civ. App. 527, 121 S. W. 209, respectively. On the last trial the plaintiff, Elliott, recovered judgment for the land in controversy and W. A. Campbell, administrator of I. C. Morris, now deceased, has perfected this writ of error.

A preliminary question will be first disposed of, and the prayer of defendant in error to file a supplemental record will be granted, and the cost of such supplemental record will be taxed against defendant in error, under rule 11 (142 S. W. xi), for the government of the Courts of Civil Appeals.

[1] We decline to go into a consideration of the questions raised by the first, second, and third assignments concerning the validity of the deed under which defendant in error claims, since all these questions were determined by us on the first appeal.

[2] The principal contention on this appeal appears to be that there was a showing of fraud on the part of W. C. Logan at the time he filed on the land in controversy, in that he was not the owner of section 38, his parent section, at the time he swore he was, and that, Morris having in all respects complied with the law as to settlement, etc., his administrator should recover in this case; but it is now too well settled to admit of discussion that only the state can take advantage of fraud in transactions for the acquisition of land from it, where the rights of the complaining party do not antedate such fraud. Logan v. Curry, 95 Tex. 664, 69 S. W. 129.

The issue of estoppel by judgment in the case of Morris v. Logan was also decided against plaintiff in error on the last appeal by the Court of Civil Appeals for the Sixth District, and should not, for that reason, be again discussed. But besides the evidence is not, as plaintiff in error contends, undisputed that defendant in error employed counsel to represent Logan in that suit, or otherwise prosecuted the suit in the name of W. C. Logan. On the contrary, defendant in error testifies differently.

[3] The motion for continuance was not improperly overruled, since no diligence

whatever was shown in the effort to procure the testimony of W. C. Logan, although this case has been dragging its weary way through the courts for many years, and this witness, most of all persons, was calculated to know the facts helpful to plaintiff in error, if any existed. The change of counsel made necessary by the illness of plaintiff in error's leading counsel appears not to have been prejudicial to him, since the case was tried upon the previous record, and there is nothing to indicate that there has been left undone anything that would further the interest of plaintiff in error.

There is no error in the record, and the judgment is affirmed.