## WESTERN UNION TELEGRAPH CO. v. RAUCH. (No. 8213.)

(Court of Civil Appeals of Texas. Galveston. June 21, 1922.)

**1. Banks and banking ⊂⊃188½—Petition alleging delivery of money to telegraph company for cable transfer and that transfer was not made held sufficient.**

A petition in an action to recover money left with defendant to be transferred to Poland, alleging that the money was left with defendant, and that defendant agreed to transfer the money within a reasonable time, and that defendant failed to perform its contract, and has converted the money to its own use, was sufficient.

**2. Evidence ⊂⊃318(2) — Letters by one to whom cable transfer was to be made held inadmissible.**

In an action to recover money left with defendant to be transferred to Poland, letters written by the one to whom the money was to be paid were inadmissible to show that the transfer had never been made, being unsworn statements, and made without opportunity afforded defendant to cross-examine the witness.

Appeal from Galveston County Court; E. B. Holman, Judge.

Action by M. Rauch against the Western Union Telegraph Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Geo. O. McCracken, of Galveston, and Francis R. Stark, of New York City, for appellant.

D. J. Wilson, of Galveston, for appellee.

PLEASANTS, C. J. This suit was brought by appellee against the appellant to recover the sum of $108.78, which the petition in substance, alleges was delivered to the appellant by the appellee under a contract by which appellant, in consideration of the sum of $8.78, agreed and undertook to cause $100

to be paid Hersch Grunberg, at Podhajce, Galacia, Poland, within a reasonable time after it was delivered to appellant as aforesaid. It is then alleged that appellant has failed to perform its contract and has converted the $100 to its own use.

In addition to a general demurrer and general denial, the defendant's answer contains the following averments:

"This defendant says that on the 24th day of September, 1919, in consideration of the sum of $8.78 to cover transfer charges of $1, telegraph tolls of $7.68, and war tax of 10 cents, it received from the plaintiff the sum of $100, under a written agreement then and there entered into with the plaintiff, whereby it undertook, as the agent of plaintiff, to transmit by telegraph to one Hersch Grunberg, at Podhajce, Galacia, Poland, said sum of $100, or the foreign equivalent of said sum at the rate of exchange established by it or its agents on the date of the transfer; said contract, in so far as it affects the liability of defendant herein, being as follows: 'In case of a foreign order, the foreign equivalent of the sum named in the order will be paid at the rate of exchange established by the company or its agents on the date of the transfer. When the company has no office at destination authorized to pay money, it shall not be liable for any default beyond its own lines, but shall be the agent of the sender, without liability, and without further notice, to contract on the sender's behalf with any other cable or telegraph line, bank, or other medium, for the further transmission and final payment of this order.'

"Defendant alleges that Podhajce, Galacia, Poland, is beyond the telegraph lines of defendant, and that defendant has no office, nor does it maintain one, nor has it an agent or representative at Podhajce, Galacia, Poland, authorized to pay money, which fact plaintiff, at the time he authorized defendant to transmit and transfer to said Hersch Grunberg said money aforesaid, well knew, and of which he was informed by defendant's agents and employés.

"Defendant further alleges that in pursuance of its said obligation, as set out in said written contract with the plaintiff, it promptly transmitted, on said 24th day of September, 1919, said sum of $100, by telegraphic order on its office in the city and county and state of New York, and that its agents and servants, in said last-named city, on the 24th day of September, 1919, by authority of the contract entered into with it by plaintiff, contracted with Irving National Bank, a banking corporation organized and existing under the banking laws of the United States of America, resident, located, and doing business in the city, county, and state of New York, to transmit and deliver to said Hersch Grunberg, at Podhajce, Galacia, Poland, said sum of $100, and then and there delivered to said Irving National Bank said sum of $100, with instructions to deliver the same by cable transfer to Hersch Grunberg, at Podhajce, Galacia, Poland, and, so far as defendant is advised or believes, said sum of $100 as aforesaid was so transmitted and delivered by said Irving National Bank to the said Hersch Grunberg.

"Defendant further alleges that it has used all diligence required by it under its contract with plaintiff to deliver to the said Grunberg the money in question, and should it develop that said money has not been delivered to said Grunberg by said Irving National Bank, its agent aforesaid, then the failure to do so has been by no negligence chargeable to defendant; that all of its acts and doings herein and in connection with the transfer and delivery of the money in question have been as the agent and representative of plaintiff, for which he alone is responsible, and that defendant therefore is not liable to plaintiff in any sum."

The trial in the court below without a jury resulted in judgment in favor of plaintiff for the sum of $108.78.

[1] The first assignment of error complains of the ruling of the court refusing to sustain defendant's general demurrer to plaintiff's petition. There was no error in this ruling. While the petition is somewhat meager in its statement of the facts constituting the cause of action, and is inartistically drawn, giving its allegations every reasonable intendment, we think they show that defendant as a telegraph corporation agreed and undertook, in consideration of the payment to it of the sum of $8.78 by the plaintiff as compensation for the services in the premises, to cause the $100 then delivered to it by the plaintiff to be paid within a reasonable time to Hersch Grunberg at Podhajce, Galacia, Poland, and that it failed to perform its contract and had converted the $100 to its own use. When so construed, the petition clearly states a cause of action, and the general demurrer was therefore properly overruled. Whetstone v. Coffey, 48 Tex. 271; rule 17 for District and County Courts (20 S. W. xii); Telephone Co. v. Grimes, 82 Tex. 94, 17 S. W. 831.

[2] Appellant's second assignment of error complains of the ruling of the court in permitting plaintiff, over defendant's objection, to introduce in evidence letters written by Hersch Grunberg to plaintiff, in which Grunberg states that he had not received the $100. This was the only evidence offered by plaintiff to show that the $100 had not been received by Grunberg, and it goes without saying that these letters were not admissible for this purpose. There is no theory upon which the letters could be admissible as evidence against defendant. The fact that the letters were written by Grunberg was, we think, sufficiently shown; but that fact would not make them admissible as evidence against the defendant. They were statements unsworn to by Grunberg, with no opportunity of the defendant to cross-examine the witness, and by which defendant was in no way bound.

The plaintiff, in his testimony prior to his statement in regard to the receipt of the letters, stated that the money had "not yet been received by Grunberg." Defendant did not object to this statement at the time it

was made, and appellee contends that such failure to except makes the objection to the statement in the letters unavailing, on the ground that evidence to the same effect had been previously admitted without objection. We cannot sustain this contention. It is clear from plaintiff's testimony as a whole that his statement that the money had not been delivered was based solely upon the statements in Grunberg's letters, and that he had no other knowledge of the fact. In these circumstances, the objection to the introduction of the letters necessarily includes an objection to any statement of plaintiff wholly based on the letters. The assignment must be sustained. As before stated, if the statement in these letters is excluded, there is no evidence to sustain the finding that the $100 has not been received by Grunberg, and the judgment cannot be sustained.

The other assignments presented in appellant's brief need not be discussed; if error is shown by any of them, it is not such as is likely to occur upon another trial of the cause. For the error above indicated, the judgment is reversed, and the cause remanded.

Reversed and remanded.