## WILSON et al. v. G. A. STOWERS FURNITURE CO. (No. 9027.)

Court of Civil Appeals of Texas. Galveston. July 5, 1927.

Rehearing Denied July 23, 1927.

1. **Insurance** ⬅️606(1)—**Defendants may not complain of judgment for own tort, where insurer paid amount for which it was liable.**

Defendants may not complain of a judgment at law awarding recovery as for their own negligent tort, where insurer paid the amount for which it was liable, and defendants were thereby protected against all the world.

2. **Insurance** ⬅️606(1)—**Insurance company, paying loss adjudged to its use, was subrogated pro tanto to insured's rights as matter of law.**

Insurance company, which, before suit, paid amount of loss adjudged to its use, though less than amount of claimant's damage, was thereby subrogated pro tanto to insured's rights as a matter of law, irrespective of any contractual relation between the insurer and insured.

3. **Continuance** ⬅️26(1)—**Abuse of discretion in refusing continuance for absent witness does not appear without showing of diligence to obtain presence or testimony.**

No abuse of discretion in refusal of continuance because of the absence of a witness appears in the absence of a showing of diligence to obtain his presence or testimony.

Appeal from Harris County Court; Ray Scruggs, Judge.

Action between Jewel Christie Wilson and others and the G. A. Stowers Furniture Company. From the judgment, the former appeal. Affirmed.

Fouts, Amerman, Patterson & Moore, of Houston, for appellants.

King & Wood and H. G. Butts, all of Houston, for appellee.

GRAVES, J. [1] While no written opinion is required under the disposition made of this appeal, the main reasons for the affirmance may in substance be thus generally stated: The recovery awarded, being one as for the negligent tort of appellants against appellee—which finding they do not challenge—and being for the benefit of both the latter's insurer and itself only according to their several determined interests in the consequent damage after the insurance company had first paid appellee the amount thereof for which it was liable, protected appellants against all the world and left them no right to complain of the fact that it was so sought and adjudged. Marine Ins. Co. v. St. Louis, I. M. & S. R. Co. (C. C.) 41 F. 643; Firemen's Ins. Co. v. Oregon R. & N. Co., 45 Or. 53, 76 P. 1075, 67 L. R. A. 161, 2 Ann. Cas. 360; Vasser et al. v. City of Liberty et al., 50 Tex. Civ. App. 111, 110 S. W. 119; Illinois Central R. Co. v. Hicklin, 131 Ky. 624, 115 S. W. 752, 23 L. R. A. (N. S.) 870; Perkins v. Terrell (Tex. Civ. App.) 214 S. W. 551; Farmers' Merchantile Co. v. Seaboard Air Line Ry., 102 S. C. 348, 86 S. E. 678; Cushman & Rankin Co. v. Boston & M. R. R., 82 Vt. 390, 73 A. 1073, 18 Ann. Cas. 708; Collins v. Chipman, 41 Tex. Civ. App. 563, 95 S. W. 666; Burns v. Goff, 79 Tex. 236, 14 S. W. 1009; Ellerd v. Murray (Tex. Civ. App.) 247 S. W. 631.

[2] Under these authorities, appellants' liability being neither decreased nor otherwise in any manner affected by the insurance, since the insurance company in this instance had paid in advance of suit the amount of the loss therein adjudged to its use, which, however, was not all the damage appellee sustained, thus presenting on the facts the very condition this court held did not exist in the recent case of Queen Ins. Co. v. G., H. & S. A. Ry. Co. (Tex. Civ. App.) 290 S. W. 286, afterwards affirmed by the Supreme Court, 296 S. W. 484, there was a pro tanto subrogation in its favor as a matter of law, irrespective of any contractual relation between the insurer and the insured; hence that was an immaterial matter.

[3] No diligence was shown with reference to obtaining either the presence or testimony of the witness Dennis, consequently no abuse of discretion in the refusal of a continuance because of his absence. Short v. Walters (Tex. Civ. App.) 231 S. W. 161; Rudolph v. Price (Tex. Civ. App.) 146 S. W. 1037; Campbell v. Elliott (Tex. Civ. App.) 151 S. W. 1180; M., K. & T. Co. of Texas v. Pitkin (Tex. Civ. App.) 158 S. W. 1035; S. A. & A. P. Co. v. Wells (Tex. Civ. App.) 146 S. W. 645; Consumers' Lignite Co. v. Hubner (Tex. Civ. App.) 154 S. W. 249.

Neither was there any error of which appellants may complain either in the matter of proving payment by the insurance company for, or the reasonable value of, the plate glass and mirror destroyed. We think the witness Herbert was properly shown to be qualified as an expert.

The judgment has been affirmed.

Affirmed.

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes