## SIMS v. WOODS.

### No. 3829.

Court of Civil Appeals of Texas. El Paso.

May 25, 1939.

Horace C. Bishop and E. B. Jordan, both of Fort Worth, for appellant.

Herbert Finkelstein, of Kilgore, for appellee.

WALTHALL, Justice.

Neal Woods, as plaintiff, in his own name and for his own use and benefit, brought this suit against Bob Sims, as defendant, in the County Court of Gregg County, to recover $785, the value of the damages to his automobile which he alleges he sustained in a collision with Bob Sims' truck.

The jury answered all issues submitted to them in favor of plaintiff, Woods, but made no finding as to the value of the damage to Woods' automobile by reason of the collision with Sims' truck, nor was any such issue submitted or requested.

The trial court entered judgment in favor of plaintiff, Woods, and against defendant, Sims, in the sum of $735.

The court overruled Sims' motion for a new trial, and Sims appeals.

There is no controversy in the evidence. We will designate the parties as plaintiff and defendant, as they were in the trial court.

On the trial defendant offered to show by plaintiff, in effect, that at the time plaintiff purchased the automobile in question he took out a policy of collision insurance with the Home Insurance Company, and that in the policy plaintiff, in consideration of $735 paid him, sold, assigned, transferred, set over and subrogated to the Insurance Company all of plaintiff's rights, title, interest, claims and causes of action, mortgages, claims for debt, damage or negligence, to the amount of $735, held by plaintiff against any person in any wise connected with the automobile in question, the loss suffered to the automobile as the result of the peril above mentioned or the consideration above mentioned paid to plaintiff; that the Insurance Company, on the happening of the collision, gave plaintiff a new car instead of $735, on plaintiff paying the Insurance Company $50 and relinquishing his claim against defendant to the Insurance Company, leaving plaintiff only the $50 interest in the claim for the damage; plaintiff would testify that all the claim he had against defendant was $50, not paid him; plaintiff would testify that he was satisfied with the above as a settlement with the Insurance Company, and that he, personally, claimed only $50 interest in the suit, and that the Insurance Company owned the rest of the claim. On cross examination the witness would say "he was willing to hold any money for the Insurance Company"; that

he was willing to allow the Insurance Company to use his name in filing the suit; that it is done with his permission.

The court excluded the above, and defendant excepted.

The Insurance Company was not a party to the suit, and there was no evidence other than the above that the Insurance Company was interested in the suit, or knew that such had been filed.

 As a general rule, the insurer, having paid a loss, is subrogated to any rights the insured may have had against one from whose act the loss has resulted. Nor is the insurer's right affected by a settlement by the insured with a wrongdoer. 24 Tex.Jur., p. 1179, § 337, and cases there cited.

The court was in error in excluding the tendered evidence and in rendering judgment for plaintiff.

The case is reversed and remanded.