## SMITH v. PACIFIC FIRE INS. CO.

### No. 2436.

Court of Civil Appeals of Texas. Eastland.

Jan. 21, 1944.

Rehearing Denied Feb. 18, 1944.

Penn J. Jackson, of Cleburne, for appellant.

Y. W. Holmes, of Comanche, for appellee.

LESLIE, Chief Justice.

The Pacific Fire Insurance Company instituted this suit against Mack D. Smith and the Pepsi-Cola Bottling Company, a firm composed of Milton Ruth and Wesley C. Ruth, to recover $327.12. Defendants denied liability. The trial before the Court without a jury resulted in a judgment in favor of Pepsi-Cola, but against Smith for the amount claimed. He alone appeals.

There are no findings of fact and conclusions of law, and Smith alone briefs the case in this court.

The Insurance Company issued Smith an insurance policy contracting to indemnify him for damages above $50 to his Dodge automobile resulting from the negligence of a third person. On January 23, 1940, there was a collision between his car and Pepsi-Cola's truck, driven by its employee, M. S. White, which resulted in damage to the car. Smith presented to the Insurance Company a $377.12 claim for the alleged injuries, and after deducting said $50, the Insurance Company paid Smith the sum of $327.12 and took from him an assignment of Smith's claim, thus expressly subrogating itself to such rights as Smith had against the Pepsi-Cola Company under the facts of the collision, together with the right to institute suit and collect the claim.

Smith made the $327.12 settlement with the Insurance Company on February 3, 1940, and thereafter on May 2, 1940, he settled with the Pepsi-Cola Company for $885 for any damages growing out of said accident of January 23rd and also executed to the Pepsi-Cola Company a release of the claim. Smith joined his wife in the execution of this release, and among other matters that instrument recited that it was a "release and discharge of the Pepsi-Cola Bottling Company and/or W. C. Ruth, and/or Milton Ruth, and/or Marvin S. White from any and all actions * * * claims and demands * * * on account of or in any way growing out of any and all known and unknown personal injuries and property damage resulting or to result from accident that occurred on or about the 23rd day of January, 1940 * * * involving my 1940 Dodge in which my wife was an occupant * * *." The release further recited that it covered "all claims and demands * * * growing out of said accident or its results both to person and property."

On the payment of the $327.12 to Smith on February 3, 1940, he executed to the Insurance Company an instrument designated "Loan Receipt or Subrogation Agreement", wherein the Company was subrogated to all the rights and remedies then existing in favor of Smith as against the Pepsi-Cola Company. That instrument did not mention the Dodge car or any other particular property, but doubtless the instrument pertained to the car. At that time he also made proof of loss and delivered same to the Insurance Company. It contained like stipulations of subrogations and authorized suit by Insurance Company in its name, etc.

After the Insurance Company paid Smith the $327.12 on February 3, 1940, it wrote the Pepsi-Cola Company July 15, 1940, demanding that the Pepsi-Cola Company pay or reimburse it for the $327.12 it had paid Smith under the circumstances.

Two days later—July 17th—Pepsi-Cola in response to said letter wrote the Insurance Company, that without any knowledge on its part of the $327.12 settlement of February 3rd, it had made full settlement on May 2, 1940, with Smith for all injuries by reason of the collision of his Dodge car with its truck and suggested to the Insurance Company that it take the matter up direct with Smith.

Acting on such suggestion, the Insurance Company wrote Smith about the matter, and concerning its negotiations with him about the same the Insurance Company alleges in its petition:

"That upon taking the matter up with the defendant Mack D. Smith, he contended he had not been paid any sum whatsoever covering damages to said automobile, and although demand has been made upon both said defendants for the payment hereof, they have each failed and refused and still fail and refuse to pay the same, or any part

thereof, to plaintiff's damages in said sum of Three Hundred Twenty-Seven and 12/100 Dollars ($327.12.)

"Wherefore Plaintiff prays * * * judgment jointly and severally against said defendants * * *."

The Pepsi-Cola Company answered, denying any negligence on its part, or that of their driver, and especially alleged that the damage to Smith's car resulted from his contributory negligence in different ways, namely, (1) driving at unlawful, excessive and reckless speed under the circumstances, (2) driving in excess of the lawful rate of speed at the time and place, (3) failing to keep proper lookout, and (4) in attempting to pass defendant's truck without signaling his intention to do so.

Pepsi-Cola further alleges full settlement of the claim on May 2, 1940, without notice or knowledge on its part of the $327.12 settlement with Mack D. Smith on February 3, 1940.

The defendant Smith answered by special exceptions, general denial, and specially denied that he had been paid any damages or compensation by the Pepsi-Cola Company "for injuries to the *automobile* growing out of the collision referred to in plaintiff's petition * * * nor from any other party for the benefit of the Pepsi-Cola Bottling Company. * * *." He affirmatively alleged that the $885 received from the Pepsi-Cola Company "was paid to the wife of this defendant, Mack D. Smith, and the defendant Mack D. Smith received no part of the same." That such amount "was paid wholly and exclusively to her in payment and compensation for the *personal injuries she received* in said collision * * * and were in no wise wholly or partially in payment for damages done to Mack D. Smith's *automobile*." (Italics ours.)

No oral testimony was introduced on the trial. The only evidence found in the record is documentary and as follows: (1) The proof of loss by which Smith apparently satisfied the Insurance Company he was entitled to compensation for the damage to his car by reason of the alleged negligence of Pepsi-Cola truckdriver, (2) the Loan Receipt or Subrogation Agreement by which Smith transferred to the Insurance Company for $327.12 his claim against the Pepsi-Cola for the alleged negligence, (3) the $327.12 draft which evidenced the Insurance Company's payment of that sum to Smith, (4) the release and settlement agree-

ment of May 2, 1940, by virtue of which Smith joined his wife in the collection of $885 from Pepsi-Cola for injuries specified in that instrument.

The release and settlement agreement relating to the $885 was introduced in evidence by the Plaintiff Insurance Company and when offered was objected to by Smith (1) because its execution had not been proved, (2) because it was hearsay, and (3) because same had not been plead. Such points are preserved and presented for our consideration.

■■ For the present, passing over any question that might arise concerning the meagerness of Plaintiff's pleadings and giving consideration first to the questions raised involving the evidence, we have, after careful consideration, reached the conclusion that Plaintiff's testimony, as limited to said documents, unexplained and unsupported by any character of oral testimony, furnishes no support whatever for the judgment. The information conveyed to Plaintiff in Pepsi-Cola's letter of July 17th that they had settled with Smith for all damages growing out of the accident, while possibly true, was merely hearsay as to Smith, who objected to the introduction of such on that ground. In fact, said letter appears not to have been introduced in evidence. There is no properly authenticated evidence that Smith and his wife ever made any settlement at all with Pepsi-Cola. The purported release involving the payment of $885 was not proved or shown to be genuine, and for that reason was improperly admitted over objections to that effect. In other words, the evidence fails to show that Smith collected from Pepsi-Cola on the cause of action which he had assigned to the Insurance Company. Stated differently, the testimony fails to show that Smith made any double collection for damages to his automobile.

In general the liability in such cases existing in favor of the insurer is discussed and set forth in such cases as the following: Magnolia Pipe Line Co. v. Security Union Ins. Co., Tex.Civ.App., 37 S.W.2d 1062; Wilson v. G. A. Stowers Furniture Co., Tex.Civ.App., 297 S.W. 352; Camden Fire Ins. Ass'n v. Missouri K. & T. R. Co., Tex. Civ.App., 175 S.W. 816; Texas & N. O. R. Co. v. Commercial Union Assurance Co., Tex.Civ.App., 137 S.W. 401; Hamilton Fire Ins. Co. v. Greger, 246 N.Y. 162, 158 N.E. 60, 55 A.L.R. 921; 24 Tex.Jur. p. 1179, sec. 337 et seq.; 39 Tex.Jur. p. 777, sec. 20.

A point or two raise questions of the admissibility of some of the documentary testimony on the ground that proper predicate was not laid for introduction of the same. It is unnecessary to pass upon such questions in view of the disposition to be made of this appeal and they will probably not arise on another trial. Authorities dealing with such questions are as follows: Guaranty State Bank of Hutchins v. Beard, Tex.Civ.App., 18 S.W.2d 679; C. R. Miller Mfg. Co. v. Coleman, Tex.Com.App., 29 S.W.2d 991; Emerson v. Mills, 83 Tex. 385, 18 S.W. 805; Western Union Telegraph Co. v. Rauch, Tex.Civ.App., 243 S.W. 526; Conyer v. Burckhalter, Tex.Civ. App., 275 S.W. 607; Phœnix Refining Co. v. Walker, Tex.Civ.App., 108 S.W.2d 323; 17 Tex.Jur. p. 742, sec. 321 et seq., sec. 376, sec. 211.

Plaintiff's pleadings were attacked by special exceptions. There are serious doubts in our minds that plaintiff has stated a cause of action against the Defendant Smith. It is unnecessary to determine that question at this time, as the pleadings will doubtless be recast and made more pertinent and specific on another trial, if any. Since no appeal is prosecuted from the judgment of the trial court in favor of the Pepsi-Cola Company, that part of the judgment will be affirmed. As to Smith, the judgment of the trial court will be reversed and the cause remanded for another trial.