## PACIFIC FIRE INS. CO. v. SMITH.

### No. 2535.

Court of Civil Appeals of Texas. Eastland.

Jan. 25, 1946.

Rehearing Denied May 3, 1946.

Y. W. Holmes, of Comanche, for appellant.

Gean Turner, of Cleburne, for appellee.

GRAY, Justice.

This is the second appeal of this case, the first appeal being reported in Smith v. Pacific Fire Insurance Co., Tex.Civ.App., 178 S.W.2d 170. Pepsi-Cola Co., one of the defendants, was eliminated from the case in said first appeal.

■ In this appeal, the Statement of Facts tendered by appellant is not agreed to by appellee or his counsel, nor was it approved by the trial court in compliance with Rule 377(d), Rules of Civil Procedure. It cannot, therefore, be considered.

■ In its brief, appellant complained of an instructed verdict by the trial court in favor of appellee, but in the absence of a properly authenticated statement of facts, we are unable to pass upon same. Jaeger v. Cullen, Tex.Civ.App., 183 S.W.2d 584.

The judgment is affirmed.

### Motion for Rehearing.

In its motion for rehearing, appellant insists that Rule 377(d), Rules of Civil Procedure, is not the applicable rule in this case, but that it should be governed by Rule 404, formerly old Rule No. 8. Said Rule No. 404 reads as follows: "All motions relating to informalities in the manner of bringing a case into court shall be filed and entered by the clerk on the motion docket within thirty days after the filing of the transcript in the Court of Civil Appeals, otherwise the objection shall be considered as waived, if it can be waived by the party."

■ The disposition of this motion depends upon whether the defect in the purported statement of facts filed herein was such "informality" as could be waived. In 3 Tex.Jur. p. 626, § 440, we find the following statement of law: "The statutory provisions requiring the statement to be approved and signed by the judge, referred to in the preceding section, are mandatory. His approval and signature are essential to the validity of a statement, and the omission thereof precludes consideration of it, even though it is agreed to by counsel for both parties, or though failure to sign and approve was due to an oversight on the part of the judge, after he had promised to do so. A purported statement which is neither approved nor signed by the judge nor agreed to or signed by counsel cannot be considered for any purpose." (Citing many authorities.)

■ On February 9, 1946 which was subsequent to the date of our original opinion affirming the case, appellant filed herein its statement of facts approved by the trial court, which purported statement of facts we cannot consider, being clearly in contravention of Rules 437, 5, 386 and 504. On this point we quote from 3 Tex.Jur. p. 772, § 551, the following:

■ "A statement of facts may not be amended or changed by a supplemental statement authenticated by the trial court filed in the appellate court after the time for filing the original statement, nor by a supplemental statement made and certified by the trial court without a previous motion in that court to correct the original statement or an order for its correction. And leave will not be granted to procure the judge's approval and signature to a statement of facts after the expiration of the time within which he could lawfully approve and sign it." (Citing many authorities.)

■ Under the above authorities it conclusively appears that the fact that said purported statement of facts was not agreed to by the opposing counsel, nor approved by the trial court within the time prescribed by the rules, is not such informality as may be waived. Therefore, Rule 404 has no application in this case.

We commend appellant's counsel for his zeal in the matter and regret that we are unable to consider said cause on its merits. The motion for rehearing is overruled.