## PACIFIC FIRE INS. CO. v. SMITH.

### No. 2535.

Court of Civil Appeals of Texas. Eastland.

April 11, 1947.

Rehearing Denied May 23, 1947.

Y. W. Holmes, of Comanche, for appellant.

Gean B. Tu...er, of Cleburne, for appellee.

GRAY, Justice.

At a former day of this term, this cause was affirmed, Tex.Civ.App., 194 S.W.2d 583, for the reason that the statement of facts filed herein contained neither the approval of the attorney for appellee nor of the trial court, and, therefore, not in compliance with Rule 377(d), Texas R.C.P. Appellant, however, insisted that Rule No. 404 was the applicable rule and no objection having been made by appellee within thirty days, any objection that might have been made to the said statement of facts was waived. On appeal to the Supreme Court for an interpretation and decision as to the applicable rule, it was held, 199 S.W.2d 486, that the defect in such statement of facts was such an informality as might be waived under Rule 404, and the case was remanded to this court for consideration on the merits.

The suit grew out of a collision between a Dodge automobile owned and operated by appellee Smith and a truck owned and operated by Pepsi-Cola Company of Brownwood, Texas, on January 23, 1940, and on U. S. Highway No. 67, in Comanche County, Texas. The wife of appellee Smith was a passenger in said Dodge automobile at the time of the collision and was injured. The said automobile was insured by appellant. Appellee promptly made proof of the collision and damage amounting to $377.12, which amount, less $50.00 deductible under the terms of the policy, was paid by appellant to appellee on February 3, 1940, appellant taking an assignment and subrogation of appellee Smith's cause of action against said Pepsi-Cola Company to the extent of $327.12, the amount actually paid. Said subrogation agreement expressly obligated appellee Smith to proceed with demand and if necessary by suit, against Pepsi-Cola Company, for and on behalf of appellant in an effort to collect and reimburse appellant for its said payment. Thereafter, on May 2, 1940, without the knowledge or consent of appellant, a settlement was made between said Pepsi-Cola Company and appellee, by which appellee and his wife were paid the sum of $885.00 as settlement in full for all personal injury and damage to property growing out of said collision. Later, appellant made demand upon said Pepsi-Cola Company for the payment of said sum of $327.12, which payment was refused for the reason that a settlement in full had been effected between Pepsi-Cola Company and appellee Smith for all injuries growing out of said collision, and appellant was advised to take the matter up direct with Smith. Upon Smith's refusal to refund the amount so paid by appellant, suit was filed against both Smith and Pepsi-Cola Company.

On the trial of the case, it was admitted by appellant's attorney that he would be unable to prove that said Pepsi-Cola Company had notice of said subrogation agreement, the evidence produced indicating that Pepsi-Cola Company had been advised by the said Smith that there was no subrogation agreement. With the approval of appellant's attorney, judgment was thereupon rendered for Pepsi-Cola Company, from which no appeal was taken; and a judgment in favor of the insurance company as against Smith for $327.12, the amount so paid on said policy. On appeal to this court, the judgment was affirmed as to Pepsi-Cola Company, but reversed and remanded as to Smith. See Smith v. Pacific Fire Insurance Company, Tex.Civ.App., 178 S.W.2d 170.

On the second trial of the case, before a jury, two issues were made by the pleadings and the evidence: (A) Whether any part of said payment of $885.00 by Pepsi-Cola Company to Smith, covered damage to Smith's automobile. The release from Smith to Pepsi-Cola Company was for all

damage to person and property growing out of said collision. But without pleading fraud, accident or mistake as to said release, which was in evidence, Smith was permitted to testify by deposition that no part of said payment was for damage to his automobile, but said entire amount was in settlement of personal injuries to his wife, who was injured in the collision. This evidence having been admitted, a jury question was raised. (B) The second issue was as to Pepsi-Cola Company's negligence incident to the collision. Smith's testimony on that issue was evasive. "I do not know, it didn't seem to be altogether his fault and not altogether mine, two schools of thought on that." While said release and former judgment were a complete bar to any recovery against Pepsi-Cola Company on the second trial, yet the Insurance Company, by virtue of said subrogation agreement, was entitled to prove, if it could, that but for said release, it might have recovered from Pepsi-Cola Company. Sims v. Woods, Tex.Civ.App., 130 S.W.2d 424; 24 Tex.Jur. 1179, Sec. 337; 46 C.J.S., Insurance, § 1209, pages 159, 160, sub-head, Release of Third Person; Home Insurance Company of New York v. Smith, 235 Mo.App. 552, 140 S.W.2d 64; Hamilton Fire Insurance Company v. Greger, 246 N.Y. 162, 158 N.E. 60, 55 A.L.R. 921, and authorities cited. Appellee contends that the question of Pepsi-Cola Company's negligence was adjudicated adversely to appellant on the former trial and appeal. By reference to the decision on the former appeal, it is apparent that no issue was adjudicated therein, except that the admission of appellant's attorney that he was unable to prove that Pepsi-Cola Company had notice of said subrogation agreement, resulted in Pepsi-Cola Company's dismissal from the suit.

On the trial, appellant introduced all documents relating to proof of collision, settlement by appellant with Smith by payment of $327.12 under the policy, subroga-

tion agreement and said release. Said documents were authenticated and admitted by Smith in his deposition. The only defensive testimony was by defendant Smith orally and by deposition. At the conclusion of the evidence, upon motion of defendant, the court gave peremptory instructions to the jury to find for defendant, from which the Insurance Company has appealed.

Appellant assigns as error the action of the trial court in so instructing said verdict. We sustain the assignment. In addition to said jury questions presented, there was the further fact that appellee's testimony was unsupported and uncorroborated. It has been repeatedly held that the unsupported and uncorroborated testimony of an interested party cannot be made the basis for an instructed verdict. The applicable rule, followed in many cases, is thus stated in the case of Simmonds et al. v. St. Louis, B. & M. R. Co., 127 Tex. 23, 91 S.W.2d 332, 333: "As to the testimony of interested witnesses, the general rule is that, while the jury has no right arbitrarily to disregard the positive testimony of unimpeached and uncontradicted witnesses, the mere fact that the witness is interested in the result of the suit is deemed sufficient to require the credibility of his testimony to be submitted to the jury. Stated in another form, the rule is that the uncontradicted, uncorroborated testimony of a party to a suit will not authorize or support an instructed verdict."

In 17 Tex.Jur. p. 926, Sec. 418, the rule is stated as follows: "As a rule, if the testimony bearing upon an issue comes from an interested source, the issue must be submitted to the jury even though it be uncontradicted and controlling and though believed to be true." Walker v. Dawley, Tex.Civ.App., 4 S.W.2d 159, and authorities cited.

Appellee has not favored us with a brief on this appeal.

The cause is reversed and remanded.