## PACIFIC FIRE INS. CO. v. SMITH.
### No. 2688.

Court of Civil Appeals of Texas. Eastland.

March 18, 1949.

Rehearing Denied April 15, 1949.

Holmes & Nicholson, of Comanche, for appellant.

Gean B. Turner, of Cleburne, for appellee.

COLLINGS, Justice.

This case was brought originally by appellant, Pacific Fire Insurance Company, against Mack D. Smith and the Pepsi Cola Bottling Company of Brownwood, Texas, to recover $327.12 which the insurance company had paid Smith as the insurer of his car for damage thereto sustained in a collision with a truck owned and operated by the Pepsi Cola Company. At the time of such payment, appellee Smith assigned and subrogated his claim for damages, to the extent of the payment, to appellant. Under the terms of the assignment appellee agreed to promptly and diligently present claim and if necessary, prosecute suit against any person or corporation liable therefor and to reimburse appellant to the extent of any net recovery. Appellant was also authorized thereby to enforce the collection of such claim in its own name. Thereafter appellee Smith and his wife entered into a written settlement agreement in which they, in consideration of $885 recited that they released the Pepsi Cola Company from all claims growing out of said collision, "both to person and property."

This is the third trial of the cause. The first trial was before the court without a jury and resulted in a judgment in favor of Pepsi Cola Company but against Smith for the amount claimed. Smith alone appealed and the case was reversed and remanded as to him but affirmed as to Pepsi Cola Company. See Smith v. Pacific Fire Insurance Company, Tex.Civ.App., 178 S.W.2d 170.

On the second trial before a jury, the trial court, at the conclusion of evidence, gave an instructed verdict in favor of Smith and rendered judgment thereon. The insurance company appealed and the case was again reversed and remanded. See Pacific Fire Insurance Company v. Smith, Tex.Civ.App., 202 S.W.2d 328.

On this the third trial of the cause, which was before a jury, the jury was

unable to answer special issues Nos. 1, 2 and 3 inquiring as to the negligence of Pepsi Cola's truck driver and as to whether such negligence was the proximate cause of the collision and resultant damage to Smith's car. The jury did find, however, in answer to other issues submitted, (1) that $835 of the amount paid by Pepsi Cola Company to Smith was solely for injury to his wife and, (2) that the Pepsi Cola Company or its representative, knew that Smith had been paid for the damage to his automobile by his insurance company at the time said Pepsi Cola Company paid him the $885. The trial court received the verdict of the jury and entered judgment thereon for appellee Smith from which the insurance company brings this appeal.

Appellant contends in points one and two that both parties to every law suit are entitled to have their basic issues submitted and answered and that the trial court erred in receiving the verdict and entering judgment thereon when appellant's issues on negligence and proximate cause were not answered. In order to decide this question, it is necessary to consider what plaintiff alleges and undertakes to establish as the basis of his cause of action. Briefly stated, the allegations of appellant's amended original petition, in its first count which presents the only theory under which the issues submitted are material, are as follows:

(1) That the negligent acts of the Pepsi Cola Company's truck driver proximately caused a collision between their truck and appellee Smith's car and the resultant damage thereto;

(2) That appellant insurance company, under its policy, paid Smith for the damage to his car and by agreement with him and, as a matter of law, became subrogated to his cause of action against the Pepsi Cola Company;

(3) That thereafter Smith made full settlement with, and by written instrument released the Pepsi Cola Company from further liability for damage to his car; and,

(4) That the Pepsi Cola Company had no knowledge of appellant's rights by virtue of said subrogation agreement and that Smith thereby destroyed the claim and cause of action against Pepsi Cola Company, to appellant's damage.

▇▇▇ The burden rested on appellant as plaintiff to establish every essential element of its cause of action against Smith. An adverse finding as to any of these essential elements is fatal to its right to recover and is basis for judgment against it. One of these elements, as alleged by appellant, is that the Pepsi Cola Company did not have knowledge of appellant's right of subrogation. We have searched the record and it is doubtful if the evidence would have sustained a finding favorable to appellant on this issue. At any rate, the jury found that Pepsi Cola Company did have knowledge at the time of its settlement with Smith that he had been paid for the damage to his car by his insurance company, and this finding is supported in the record. Having this knowledge, Pepsi Cola Company would still be liable for its negligence, if any, in a suit by appellant, for it could not by a settlement with Smith defeat a claim which to its knowledge belonged to appellant. The adverse finding of the jury on this issue precludes appellant's right to recover regardless of what might have been found on the issue of negligence and proximate cause or any other issue submitted. Home Insurance Company of New York v. Smith, 235 Mo.App. 552, 140 S.W.2d 64. It was, therefore, not error for the trial court to accept the verdict and render judgment thereon even though such issues were not answered.

▇▇ In points six and seven, appellant contends that since Smith, at the time of receiving the $327.12 insurance, agreed in the subrogation contract to demand payment from Pepsi Cola Company for the damage to his car, and in fact, did demand and receive such payment and released Pepsi Cola Company from further liability, that he thereby became liable to appellant for such sum collected regardless of whether Pepsi Cola Company was negligent or not. No issues were submitted or requested to be submitted to the jury on such theory. No motion for an instructed

verdict was presented to the trial court. The motion for a judgment non obstante veredicto was based upon the contention that Pepsi Cola was negligent as a matter of law, and not upon the contention here presented. Neither was the proposition presented on motion for a new trial. It was, therefore, waived and cannot be here considered. Rule 374, Texas Rules of Civil Procedure.

Additional points raised by appellant complain of other issues submitted to the jury and evidence admitted over objection in support thereof. The question of whether error is presented in these points is immaterial and need not be decided because of the reasons set out in the disposition of points one and two.

For the reasons stated, the judgment of the trial court is affirmed.