MORALES v. RODDY et ux.

No. 2931.

Court of Civil Appeals of Texas. Eastland.
May 30, 1952.

Thomas & Thomas, Big Spring, for appellant.

Greenlees, Rodgers & Adams, Big Spring, for appellees.

GRISSOM, Chief Justice.

William R. Roddy and wife were driving on a highway, pulling a house trailer, when

an automobile driven by Frank Morales struck the rear of the trailer house. Roddy and wife sued Morales, alleging damages to their automobile, house trailer and property in the house trailer. They also sought damages for personal injuries suffered by Mrs. Roddy. A jury found that the Roddys suffered $1,750 damages to the trailer house, $211 damages to their automobile and awarded $150 for injuries to Mrs. Roddy. Judgment was rendered for the aggregate of said amounts and Morales has appealed.

Appellant's first point is that the court erred in overruling his plea in abatement because Roddy's insurance carrier, who had paid for some of the damages to the trailer house, was not a party to the suit, either by name or representation. Appellees alleged only $1,500 damage to their trailer house but the jury found the damages thereto amounted to $1,750 and judgment was rendered for $1,750 damages to the trailer house. Appellant's bill of exception discloses that appellees' pleadings did not show that they sued for the benefit of the insurer; that, before announcing ready for trial, appellant stated to the court, in the presence of appellees' counsel, that he had received notice that Roddy's insurer had paid part of said loss and was, therefore, to the extent of the payment subrogated to the rights of appellees asserted in this case. Appellant stated that unless the record was made to reflect in some manner that the suit, to such extent, was brought by appellees for the benefit of the insurer, it would be necessary to file a plea in abatement because of the lack of a necessary party. Appellant stated he understood it was not a matter for the jury; that it would be satisfactory if the record showed the suit was being brought, in part, for the benefit of the insurer, without same being disclosed to the jury. See Hudson Underwriters Agency of Franklin Fire Ins. Co. v. Ablon, Tex.Civ. App., 203 S.W.2d 584 (W.D.). Appellant further stated that if appellees' counsel would stipulate that they represented the insurer it would be sufficient and would remove the necessity of filing a plea in abatement; that appellees' counsel refused to state whether they represented the interest of the insurer, whereupon, the court granted appellant leave to file a plea in abatement. A plea in abatement was filed which contained allegations that appellees' trailer house was insured and the insurer had paid appellees, at least, a portion of the damages to their trailer house and became subrogated to a portion of the damages asserted by appellees and that the insurer had notified appellant of its said interest, and that a judgment rendered herein would not be res adjudicata as to the insurer and appellant was entitled to have all interested parties represented in the case so that they would be bound by the judgment rendered.

Upon a hearing of said motion, one of appellees' counsel was called as a witness by appellant and testified that he thought his file showed that an insurance company had paid a portion of the damages to appellees' trailer house but he did not think it showed the exact amount; that he thought his file contained correspondence showing appellant was notified of the subrogation of the insurer; that he had correspondence from appellees' insurer and he thought Sentinel Fire Insurance Company paid appellees a portion of their loss on the trailer house. Appellant introduced a letter from an adjuster, advising him that he was investigating a claim for damage to Roddy's trailer house, insured by Sentinel Fire Insurance Company, which claim was based upon the collision that caused this suit. Morales was advised therein that, if it appeared he had been negligent, said insurance company might look to him for reimbursement. The bill further discloses that it was not shown in any way that said insurance company was represented in said cause, or that appellees were bringing the suit to any extent on its behalf or that said insurer had notice of the suit and, further, that the judgment was rendered solely for appellees, without any provision for payment to the insurance company of its interest in the recovery.

■■ We have concluded that there was error in overruling said plea. When the insurance company paid appellees a portion of the damages to their trailer house it became the owner pro tanto of the cause of action asserted by appellees. *Wilson v.*

G. A. Stowers Furniture Co., Tex.Civ.App., 297 S.W. 352; Magnolia Pipe Line Co. v. Security Union Ins. Co., Tex.Civ.App., 37 S.W.2d 1062, 1063. Appellant, having notice of the insurer's ownership of a part of the cause of action and appellees' counsel having refused to state to the court, in the absence of the jury, that the insurer was represented in the suit, had the right to have the insurance company brought into the suit. Regardless of whether the insurer was in the suit in its own name or that of the insured, appellant had the right to have all persons who had an interest in the cause of action in court in such manner that the judgment rendered would be conclusive of the rights of all parties owning an interest therein so that appellant could not be compelled to twice pay for the damages done to the trailer house, nor suffer the cost and vexation of another trial. East Texas Fire Ins. Co. v. Coffee, 61 Tex. 287, 290; Camden Fire Ins. Ass'n v. Eckel, Tex.Com.App., 14 S.W.2d 1020, 1022; Magnolia Pipe Line Co. v. Security Union Ins. Co., supra; Sims v. Woods, Tex.Civ.App., 130 S.W.2d 424; Skipwith v. Hurt, 94 Tex. 322, 332, 60 S.W. 423; 46 C.J.S., Insurance, §§ 1209, 1215, pages 152, 188; 1 C.J.S., Abatement and Revival, § 100, page 137; Galveston-Houston Electric Ry. Co. v. Reinle, Tex.Civ.App., 264 S.W. 783, 790; Tex.R.C.P. 39; 96 A.L.R. 864.

Appellant's fifth point is that the court erred in failing to affirmatively instruct the jury in connection with issue 10 not to consider damages to property in the trailer house. Issue 10 and the instruction relative thereto are as follows:

"What sum of money, if paid now in cash, do you find from a preponderance of the evidence will reasonably and fairly compensate the plaintiff for the property damage suffered to his trailer house, if any, received by the plaintiffs, proximately resulting from the collision in question? Answer in dollars and cents, if any.

"(In connection with special issue No. 10 you are instructed that in arriving at your answer you may take into consideration the fair market value of the said house trailer immediately prior to the said collision, and the fair market value of the said house trailer immediately after said collision.)"

The jury's answer to said issue was "$1,750.00." Appellant objected to said issue and instruction as follows:

"That such issue and the instruction given in connection therewith does not properly restrict the jury in what they shall consider in arriving at their answer in that it does not restrict them to the elements pleaded, and the restriction attempted is permissive in form and not mandatory."

"That such issue and instruction, as drawn will allow the jury to include items of household furnishings used in connection with the trailer house and fixtures in connection therewith upon which there is no evidence of value, and such instruction should definitely limit any finding to the house-trailer alone, and inform the Jury that they cannot consider any damage to properties in such trailer house except those that were a part of the trailer house proper."

Said objections were overruled. Appellant's statement in his brief as to the facts and the record relative to this point are not challenged by appellees and are, therefore, accepted as correct. R.C.P. 419.

Appellees had alleged that many things in the trailer house were either damaged or destroyed. They included a stove, toaster, refrigerator, radio, water heater, a wall lamp, a mirror, an electric fan and an electric clock. There was evidence that they were either damaged or destroyed but there was no evidence of value of the property destroyed or the cost of repairing the articles damaged and no separate issue as to the damages thereto was submitted. Therefore, they were not proper items to be considered by the jury in assessing damages unless it was shown they were part of the trailer house. As to some of said articles, the evidence is not clear as to whether or not they were a part of the trailer house nor whether they were considered in the

228

estimate of the value of the trailer house, or whether they were household furnishings and were excluded in the estimates of the value of the trailer house before and after the accident. The water heater was shown to be a trailer house water heater but the evidence does not show whether it was a part of the trailer house or a part of its furnishings. The same is true of the electric refrigerator and the stove. The fact that the jury found damages to the trailer house in excess of the damages alleged indicates the jury found some damage to the trailer house because of damage to its contents.

As shown, the jury was instructed that in answering issue 10 they might take into consideration the market value of the trailer house immediately prior to and immediately after the collision but the jury was not instructed that it could consider only such matters, nor was it instructed that it could not consider such items as are heretofore referred to, if they were household furnishings and not a part of the trailer house. If the evidence should be the same upon another trial, the court should instruct the jury, in effect, that in assessing the damages to the trailer house it should not consider such things in the trailer house as are not shown to be a part thereof. The fact that the court instructed the jury that they might consider elements proper to be considered in determining the damages to the trailer house did not alter the right of appellant to have an affirmative exclusion of improper elements. Dallas Ry. & Terminal Co. v. Ector, 131 Tex. 505, 508, 116 S.W.2d 683, 686; Russell Construction Co. v. Ponder, 143 Tex. 412, 186 S.W.2d 233, 236; Texas Employers Ins. Ass'n v. Mallard, 143 Tex. 77, 182 S.W.2d 1000, 1002.

We sustain appellant's second point, that the court erred in allowing Roddy to testify as to his opinion of the speed of the automobile driven by Morales, such opinion being that of a nonexpert and based solely on the damages done to Roddy's vehicles. Fisher v. Leach, Tex.Civ.App., 221 S.W.2d 384 (R.N.R.E.); Union Bus Lines v. Moulder, Tex.Civ.App., 180 S.W.2d 509, 511 (Writ Ref.).

Other points relate to matters which should not, and probably will not, arise upon another trial.

The judgment is reversed and the cause remanded.