JOSEPH A. McALEENAN, Respondent, v. MASSACHUSETTS BONDING AND INSURANCE COMPANY, Appellant.

Negligence — casualty insurance — action to recover for neglect of insurance company to take an appeal in conducting litigation for one insured — plaintiff must show that neglect has resulted in damages — when defendant not estopped from insisting that plaintiff sustain his burden of proving damages — when defendant precluded from arguing on appeal that plaintiff was under burden of proof which he did not meet — evidence — when error to exclude record of trial of action from judgment in which defendant failed to appeal — when such error harmless.

1. One who seeks to hold another responsible for neglect in the conduct of litigation must show that the action which has been neglected would probably have been successful and, therefore, that

# 200    McALEENAN v. MASS. BONDING & INS. CO.

its neglect has directly resulted in damages measured by the value or amount of the rights which were lost by the default.

2. The fact that defendant herein, which had taken charge, in accordance with its rights under its policy of casualty insurance issued to plaintiff, of the defense of an action brought against him for negligence, had promised plaintiff, after judgment had been recovered against him in an amount much greater than the amount insured, that it would cause an appeal to be taken, together with the assertion of its counsel in substance that the judgment was affected by error and would be reversed, does not estop the defendant from making the claim in this action, to recover for its neglect to take such appeal, that plaintiff was under the burden of showing that the appeal if taken would have been successful and that damages had been suffered.

3. Defendant cannot successfully argue on this appeal, however, that plaintiff was under some burden of proof which he did not meet or that the evidence does not sustain the findings where, in the first place, its counsel neglected to move for a nonsuit at the close of the case, thereby precluding argument on appeal that there was no evidence sustaining plaintiff's cause of action including damages, and, in the second place, the trial judge found that plaintiff had suffered damage by reason of the negligence of defendant, which conclusion of fact has been unanimously affirmed by the Appellate Division, whereby this court is prevented from investigating to see whether there was any lack of evidence to sustain it.

4. While the burden rested upon plaintiff to establish as part of his case that there were errors for which the judgment might have been reversed, rather than upon defendant to show that there were not errors, nevertheless, where plaintiff offered some evidence that he was injured by the failure to take the appeal, it was proper that defendant should be permitted to rebut this evidence if it could, and where it sought to do this by offering in evidence the record of the trial in the negligence action, the exclusion of such evidence was error.

5. But the mere fact that an erroneous ruling was made does not entitle defendant to a new trial. It must also appear that the error was prejudicial and, the proffered evidence being open to our inspection, appellant holds the burden of making it appear that the record would have disclosed the absence of any error for which the judgment could have been reversed and that thus it was prejudiced by the rejection. It has not sustained this burden. Although no exceptions were taken which would have justified a new trial, it cannot be said that a case would not have been presented upon appeal where the Appellate Division might fairly within the rules applicable to that

subject grant a new trial on the facts. Although error was committed, therefore, in ruling out the record, such error was not injurious.

*McAleenan* v. *Mass. Bonding & Ins. Co.*, 190 App. Div. 657, affirmed.

(Argued October 27, 1921; decided November 22, 1921.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered February 11, 1920, unanimously affirming a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term without a jury.

*Emory R. Buckner* and *Maxwell Steinhardt* for appellant. The burden is upon the plaintiff to show that the judgment in the case of *Cimino* v. *McAleenan* would have been reversed on appeal before he can recover against defendant herein. (*G. M. L. & M. Co.* v. *E. L. Assur. Corp.*, 117 Iowa, 180; *Cornelissen* v. *Ort*, 93 N. W. Rep. 617; *Vooth* v. *McEachen*, 181 N. Y. 28; *Brassil* v. *Maryland Casualty Co.*, 210 N. Y. 235; *Spangler* v. *Sellers*, 5 Fed. Rep. 882; *Maryland Casualty Co.* v. *Price*, 231 Fed. Rep. 397; *Globe Navigation Co.* v. *Maryland Casualty Co.*, 39 Wash. 299.) The trial court was in error in excluding the minutes of the action of *Cimino* v. *McAleenan*. Defendant ought not be estopped from showing that there were no reversible errors in that action. (Bigelow on Estoppel [6th ed.], 636, 637; *White* v. *Ashton*, 51 N. Y. 280; *Langdon* v. *Doud*, 92 Mass. 433; *American Nat. Bank* v. *Hammond*, 55 Pac. Rep. [Col.] 1090; *Chatfield* v. *Simonson*, 92 N. Y. 209; *Sturm* v. *Boker*, 150 U. S. 312.)

*Herbert C. Smyth* and *John Purdon* for respondent. This defendant is liable for its negligence in failing to appeal from the judgment in the *Cimino-McAleenan* case. (*Rosenbloom* v. *Maryland Casualty Co.*, 153 App. Div. 23; *Brassil* v. *Maryland Casualty Co.*, 147 App. Div. 815; 210 N. Y. 235; *Creem* v. *Fidelity & Casualty Co.*, 141 App. Div. 493; 206 N. Y. 783; *Attleboro Mfg. Co.* v. *F. M. A. & P.*

*G. Ins. Co.*, 171 Fed. Rep. 495; *Shipherd* v. *Field,* 70 Ill. 438; *Heinemann* v. *Heard,* 62 N. Y. 448; *Savage* v. *Birckhead,* 20 Pick. [Mass.] 167; *Corbett* v. *Packington,* 6 B. & C. 268; *Nat. Bank* v. *City Bank,* 103 U. S. 668; *New York Cons. R. R. Co.* v. *Mass. B. & Ins. Co.*, 193 App. Div. 438, 444; *Brunswick Realty Co.* v. *Frankfort Ins. Co.*, 99 Misc. Rep. 639; *Utterback-Gleason Co.* v. *Standard Acc. Ins. Co.*, 184 N. Y. Supp. 862, 867.) It was not necessary for the plaintiff to prove that reversible errors were committed in the *Cimino-McAlennan* trial, or that that verdict was against the weight of evidence, or that that judgment would have been reversed on appeal. (*Blair* v. *Wait,* 69 N. Y. 113; *Creem* v. *F. & C. Co.*, 141 App. Div. 493; 206 N. Y. 733; *Brassil* v. *Maryland Casualty Co.*, 147 App. Div. 820; *Globe Nav. Co.* v. *Maryland Casualty Co.*, 39 Wash. 299; *Union M. L. Ins. Co.* v. *Mowry,* 96 U. S. 544; *Gambert* v. *Hart,* 44 Cal. 542; *Drais* v. *Hogan,* 50 Cal. 121; *Skillen* v. *Wallace,* 36 Ind. 319; *Walker* v. *Goodman,* 30 Ala. 482; *Godefroy* v. *Jay,* 7 Bing. 413.) The defendant is estopped from asserting or showing that the verdict in the *Cimino-McAleenan* case was proper and would not have been reversed on appeal. (*Union Mut. Life Ins. Co.* v. *Mowry,* 96 U. S. 544; *Brassil* v. *Maryland Casualty Co.*, 210 N. Y. 235.)

HISCOCK, Ch. J. Under the demurrer which was successfully interposed to one alleged cause of action, this action remains as one brought to recover damages for defendant's neglect in failing to take an appeal from a judgment which had been rendered against plaintiff. The defendant insured plaintiff to the extent of $5,000 against liability for damages which might be caused by the operation of his automobile. In the course of such operation one Cimino was killed and thereafter the latter's wife as administratrix brought an action against plaintiff to recover damages resulting from the death of her husband, claimed to have been caused by negligence

in the operation of the automobile.   Defendant in accordance with its rights under its insurance policy took charge of the defense of said action, but it was so unsuccessful therein that a judgment for $13,131.98 was recovered against plaintiff, although upon the trial an offer of settlement for $7,500 had been made by the plaintiff therein and rejected because of the refusal of consent by this defendant.   Thereafter defendant notified this plaintiff that the judgment was infected with error and that it would take an appeal in his name and behalf and that he need take no steps in the matter.   The plaintiff relying upon such undertaking took no appeal and the defendant failed to do as it had agreed and take one.   The result of all this was that plaintiff was compelled to pay in full the judgment which had been rendered against him, receiving from the defendant the sum of $5,000 in accordance with its insurance policy and he then brought this action to recover the balance of the judgment over and above said $5,000, as damages which he had suffered by reason of the failure of defendant to take the appeal.

The case was tried before the court without a jury. There was no dispute about the facts and no motion for a nonsuit was made at the close of the case.   While the trial judge at the close of the evidence went through the form of directing a theoretical verdict in behalf of plaintiff, he subsequently returned to the correct theory under which the case was actually tried and made findings of fact sustaining plaintiff's claim, and from the judgment entered thereon and affirmed by the Appellate Division this appeal is taken.

Thus, in its practical aspects, we have a case where the defendant, through an over-confident trial counsel (not the one arguing this appeal) having refused to permit plaintiff to make a reasonable settlement of the claim against him, and then represented by a careless attorney, having failed to take an appeal as it promised, thus

compelling plaintiff under the threat of an execution to pay between two and three times what it would have cost him to settle the case if permitted by defendant, is now seeking to escape all responsibility for this unfortunate situation in which it has placed its client. There is certainly nothing in this unwise, negligent and inequitable conduct and attitude of the defendant which inclines us to relax any of the requirements which stand between it and relief from the consequences of its acts which thus far are fastened upon it.

Two reasons are urged why the judgment should be reversed. The first one is in substance that the burden rested upon plaintiff of showing that the judgment against him would have been reversed if defendant had taken the appeal as it agreed to, and that not having shown this there was no evidence that the failure to take the appeal resulted in any damages. The second one is to the effect that even though the first proposition be erroneous, the defendant at least had the right as part of its case to show that the judgment against plaintiff would not have been reversed and that, therefore, the failure to take the appeal was innocuous, and that it was denied this right.

If defendant were in a position to argue the first proposition we think that it would be our duty to sustain it. It is a fundamental rule that one seeking to hold another liable for neglect to perform some duty or obligation must show that the neglect has resulted in some loss or injury and that as the result thereof certain damages have been suffered. While there seem to be some not very impressive expressions to the contrary (*Godefroy* v. *Jay*, 7 Bing. 413; Wharton on Neg. sec. 752), the great majority of authorities in this and other jurisdictions apply this rule to such an action as the present one and decide, directly or indirectly, that, one who seeks to hold another responsible for neglect in the conduct of litigation must show that the action

which has been neglected would probably have been successful and, therefore, that its neglect has directly resulted in damages measured by the value or amount of the rights which were lost by the default. (*Spangler v. Sellers,* 5 Fed. Rep. 882, 887; *Vooth* v. *McEachen,* 181 N. Y. 28; *G. & M. L. M. Co.* v. *E. L. A. Corp.,* 117 Iowa, 180; *Maryland Casualty Co.* v. *Price,* 231 Fed. Rep. 397; *Cornclissen* v. *Ort,* 93 N. W. Rep. 617; *Gambert* v. *Hart,* 44 Cal. 542; *Drais* v. *Hogan,* 50 Cal. 121; *Skillen* v. *Wallace,* 36 Ind. 319.)

It is urged and was by the Appellate Division held that defendant is estopped from making this contention and from calling into question the success of the appeal which should have been taken. This idea of estoppel seems to be based upon the promise made by the defendant that it would cause the appeal to be taken plus the assertion of its counsel in substance that the judgment secured against plaintiff was affected by error and would be reversed. We fail to see how defendant by these, or any other facts in the case, was estopped from making the claim that plaintiff was under the burden of showing that the appeal if taken would have been successful and that damages had been suffered. It is not necessary to invoke any principle of estoppel in order to uphold the obligation of the defendant to take the appeal. It was an agreement for which a good consideration was found in the terms of the policy and the relations between the parties and it became a binding obligation which could not be violated or neglected without responsibility. The defendant concedes this. But we entirely fail to see how this agreement could prevent the defendant, while admitting its obligation to take an appeal, from urging upon the question of damages that unless it appeared that the appeal would have been useful the damages resulting from its default were at the most but nominal. The agreement only extended to the consummation of the appeal and its proper prosecution. It did not guarantee

success. It ought to be a matter of common knowledge that an agreement to prosecute an appeal is not equivalent to a warranty that the appeal will succeed.

It is possible, although that does not clearly appear, that the idea of prohibition by estoppel of the right to question the value of the appeal is based upon the assertions of counsel already referred to that the same would be successful. Of course such an assertion was the mere expression of an opinion and an opinion does not become the basis of an estoppel. Even if we should make the unwarranted assumption that this was equivalent to the assertion of a present fact it would not work an estoppel because plaintiff certainly was not induced by it to refrain from protecting his rights. The exuberant confidence of counsel would have had the effect to stimulate to an appeal rather than otherwise and plaintiff's absention from taking such an appeal was not due to this statement but to the agreement of the defendant that it would take the appeal for him. Thus in our judgment the entire relationship between the parties in respect of this matter is reduced to an ordinary agreement by one party for a good consideration to do something which he ultimately fails to do and for which failure he must respond in damages which proximately result therefrom. Those damages were, in our opinion, just as much a subject of inquiry and contest as would be those in an ordinary action for personal injuries caused by the negligent act of the defendant and where the latter as a matter of course even though admitting his negligence would be permitted to dispute the extent of the injuries and the amount of the damages resulting therefrom.

As we have intimated, however, the defendant cannot argue on this appeal the proposition that plaintiff was under some burden of proof which he did not meet or that the evidence does not sustain the findings. In the first place the neglect of defendant's counsel to make a

motion for a nonsuit of itself would preclude the right now to argue that there was no evidence sustaining plaintiff's cause of action, including damages. (*Spencer* v. *State of N. Y.*, 187 N. Y. 484; *Seeman* v. *Levine*, 205 N. Y. 514.) In the second place the trial judge in addition to other findings made the one that "By reason of the negligence of this defendant in failing to prosecute the aforesaid appeal this plaintiff has suffered damage in the sum of $7,826.58, with interest from the 2nd day of December, 1915." This finding embraced a conclusion of fact, and it having been unanimously affirmed it comes within the ordinary rule and we cannot investigate to see whether there was any lack of evidence to sustain it.

Passing upon defendant's second proposition, we think that it was entitled to show if it could that no errors were committed upon the trial of the action against plaintiff and that, therefore, its appeal would have been useless. While, as we have indicated, the burden rested upon plaintiff to establish as part of his case that there were errors, rather than upon defendant to show that there were not errors, nevertheless the plaintiff having offered some evidence as we must assume for the purposes of this appeal that he was injured by the failure to take the appeal, it was proper that defendant should be permitted to rebut this evidence if it could. It sought to do this by offering in evidence the record of the trial in the negligence action and this offer was overruled with proper exception for the defendant. The reasons given by the trial justice for excluding the evidence were in our opinion erroneous and it should have been received. But the mere fact that an erroneous ruling was made does not entitle defendant to a new trial. It must also appear that the error was prejudicial and in this case, where the proffered evidence is open to our inspection, appellant holds the burden of making it appear that the record would have disclosed the absence of any error

for which the judgment could have been reversed and that thus it was prejudiced by the rejection. We do not think that it has sustained this burden and that the record which it offered enables us to say that no reason was disclosed for which the Appellate Division might have granted a new trial.

An examination of the record shows that no substantial errors were committed in the rejection or admission of evidence; that no motion for a nonsuit was made at the close of the case which would have permitted the argument that there was no evidence to go to the jury and that no exceptions were taken to the charge or refusals to charge. Therefore, we think that the defendant is correct that there were no exceptions of this character which would have justified a new trial. But a motion for a new trial was made on the ground that the verdict was against the weight of evidence and this having been denied this question of the weight of evidence would have been presented on the appeal from the judgment. (*Middleton v. Whitridge*, 213 N. Y. 499.) We do not think that we can say that a case would not have been presented on appeal where the Appellate Division might fairly within the rules applicable to that subject grant a new trial on the facts. Of course it is not desirable to review at length the evidence upon that trial for the purpose of showing that considerations would have been presented which would fairly have justified such action by the Appellate Division. It may be stated briefly that plaintiff's case rested almost entirely upon the evidence of one witness which not only was not very impressive of itself but which was contradicted both by the defendant's witnesses and also in material respects by a witness sworn by the plaintiff. We are also permitted to recall as throwing some light on the situation that plaintiff's counsel in the negligence case, an experienced attorney in such cases, swears upon this trial that his " case was rather thin with only one witness "

and that he made an effort already referred to to settle the case for about half of the verdict subsequently rendered and that defendant's counsel had such confidence in winning the case that he refused to permit this settlement to be accepted.

The rules governing the subject of new trials upon the facts are rather general and necessarily confide to the Appellate Division a very wide discretion in its estimate of the weight of evidence (*Barrett* v. *Third Ave. R. R. Co.*, 45 N. Y. 628), and keeping in mind defendant's burden of showing for the purposes of this exception that no new trial would have been granted we do not think that this record would have answered the purpose for which it was offered and, therefore, reach the conclusion that although error was committed in ruling it out, such error was not injurious.

I recommend that the judgment be affirmed, with costs.

HOGAN, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ., concur; CARDOZO, J., dissents.

Judgment affirmed.