HAMILTON FIRE INSURANCE COMPANY, Respondent, *v.*
MAURICE N. GREGER, Appellant, Impleaded with
Another.

Subrogation — insurance — summary judgment — action by
insurance company to recover amount paid for loss of auto-
mobile on ground that insured had subsequently recovered
for same loss from railroad company — summary judgment
improper where affidavits show claim against railroad was also
for personal injuries and damage to other property — right of
insurer to recover against railroad not destroyed by release of
insured given for less than full damages with knowledge by
railroad that insurer had paid part — insurer must show
wrong committed and damages sustained.

1. In an action by an insurance company to recover the amount
paid by it to appellant, the insured, for destruction of his automobile
in a collision with a train, on the ground that, subsequently, appellant
had received payment in settlement of an action brought by him
against the railroad to recover damages suffered in the same accident,
summary judgment is improper where affidavits show that the
complaint in the action against the railroad included a claim for
personal injuries and for injury to property other than the auto-
mobile and the settlement constituted a compromise of disputed
liability.

2. Nor may the judgment be sustained on the ground that by
executing a release the appellant has destroyed the right of action
which the plaintiff had against the railroad company. The release
did not destroy the right to recover against the railroad company
which the insurance company obtained by subrogation when it paid
insured for the loss sustained by the destruction of the automobile,
if the railroad company paid less than the full damages caused by
its negligence and obtained the release with knowledge that the
insurance company had paid part of these damages under the insurance
policy.

3. Even if it should appear that in fact the release was taken by
the railroad company without knowledge that the insurance company
was subrogated to part of the claim against it and was intended to
cover all the damages suffered by the insured, the insurance company
should recover only for the loss it has sustained by that release. It
must show that in fact a wrong has been committed and also the

damages caused thereby. In order to prove damage it must show that in fact it might have recovered against the railroad company as a wrongdoer.

*Hamilton Fire Ins. Co.* v. *Greger*, 218 App. Div. 536, reversed.

(Argued June 7, 1927; decided July 20, 1927.)

APPEAL from a judgment, entered December 10, 1926, upon an order of the Appellate Division of the Supreme Court in the first judicial department, which reversed an order of Special Term denying a motion by plaintiff to strike out the answer of defendant, appellant, and for summary judgment and granted said motion.

*Andrew J. Ewald, Maurice Bloch* and *Harrison W. Gebhardt* for appellant. There is an issue as to whether Greger has been paid more than his actual loss sustained because of the accident. (Joyce on Insurance [2d ed.], 5879, § 3537; *Ocean A. & G. Corp.* v. *Hooker Electro-Chem. Co.*, 240 N. Y. 37.)

*Theodore Kiendl* and *John F. Woods* for respondent. The court may imply from the insurance policy and subrogation receipt a promise on the part of the defendant to return to the plaintiff the amount paid him when reimbursed by the railroad company. (*Murdock* v. *Chenango Ins. Co.*, 2 N. Y. 210; *Hartford Accident & Indemnity Co.* v. *Chartrand*, 239 N. Y. 36.)

LEHMAN, J. Upon motion of the plaintiff, summary judgment has been entered in favor of the plaintiff against the defendant Maurice N. Greger, for the recovery of the sum of two thousand dollars which the plaintiff had previously paid to the defendant under a policy of insurance issued by it. Under the terms of the policy, the insurance company agreed to indemnify the defendant Greger against loss by reason of the destruction of an automobile owned by him. On or about April 1st, 1923, the automobile was destroyed in a collision with a train

operated by the defendant New York, Susquehanna and Western Railroad Company, and on the 3d day of May, 1923, the insurance company paid to the assured the sum of two thousand dollars. The receipt for that payment recites that it was " in full of all claims and demands for loss and damage by collision on the first day of April, 1923, to the property insured by Policy No. 40230."

There is no contention that the insurance policy was not valid or that Greger, the assured, could not have compelled the insurance company to pay him the sum of two thousand dollars which he has received. The right which the insurance company asserts for the return of the moneys so paid is predicated upon the subsequent payment to Greger by the railroad company of a sum of money in satisfaction of a claim for damages caused by the collision through which the automobile was destroyed.

When the insurance company paid to the assured the loss for which it had agreed to indemnify him, it, of course, became subrogated to any claim for the same damages which the assured might have against a wrongdoer who has caused the damage. (*Ocean Accident & Guarantee Corp.* v. *Hooker Electrochemical Co.,* 240 N. Y. 37.) The receipt, which Greger gave to the insurance company at the time he received the stipulated indemnity from it, expressly recognizes the company's right of subrogation and contains a formal assignment of all claims against third parties to the extent of the amount of the payment.

In August of the same year Greger began an action against the New York, Susquehanna and Western Railroad Company for damages caused by the collision in which his automobile was destroyed. The complaint in that action states that as a result of the collision " the automobile of the plaintiff was destroyed and plaintiff, who was riding therein, was thrown out and his collar bone broken, his arm dislocated at the shoulder and elbow and plaintiff received other severe lacerations about the face, left hand and elbow and other parts of his body.

* * * That said injuries are permanent and plaintiff underwent great pain and suffering as a result of said negligence. His clothing was destroyed and in divers other respects he suffered considerable damage and will continue to suffer damage in the future." Greger settled and discontinued his action against the railroad company, receiving in satisfaction the sum of three thousand dollars. At that time he executed a release to the railroad company " from all debts, claims and demands whatsoever and particularly such as have arisen by reason of, or in any manner grow out of but in no wise limiting this release for all damages sustained as a result of an automobile owned and operated by me colliding with a train of the defendant on or about April 1, 1923, at Rochelle avenue, Rochelle Park, Bergen county, New Jersey, and for which suit was instituted by my attorneys, Messrs. Mackay & Mackay, by summons dated August 20th, 1923, in the Bergen County Circuit Court." The release further recites: " I understand and intend that this release shall operate to discharge the said New York, Susquehanna and Western Railroad Company and said other lines and companies from all claims or demands arising under the laws of any State or of the United States, including all claims and demands that I may now have; or that I, or my executors, administrators or assigns hereafter may have by reason of said accident, under all or any or either of said laws."

When the insurance company learned that Greger had begun and thereafter settled an action against the railroad company for damages suffered in the same accident in which the insured automobile was destroyed, it began this action against Greger and the railroad company. In its complaint it alleges that the automobile was destroyed by the negligence of the railroad company and that the railroad company settled the action brought against it by Greger " after being informed of the fact that Maurice N. Greger was insured against any damages to his auto-

mobile as a result of a collision." The theory of the complaint, at least against the railroad company, is that in spite of the settlement of the action and the release, the insurance company's claim by subrogation against the railroad company is still in existence; yet because of this settlement, summary judgment has been awarded in favor of the insurance company against the defendant Greger for the amount which the insurance company has previously paid to Greger, in accordance with the terms of its own contract of insurance.

If the affidavits filed in support of the plaintiff's motion for summary judgment showed without dispute that the plaintiff had received from the railroad company full payment of the same damages for which he had been indemnified previously by the insurance company, then doubtless recovery against Greger for the amount paid to him might be sustained, upon the theory that the law will create an implication of a promise to repay an amount paid as indemnity for damages, suffered, when the party who caused such damages has also made good the damages to the injured party. (*Darrell* v. *Tibbitts*, 5 Q. B. D. 560.) Indeed if such circumstances exist in the present case, the plaintiff insurance company would not be compelled to resort to the device of a promise implied in law; for Greger's claim against the railroad company for damages caused by the destruction of his automobile has been transferred to the insurance company to the extent of $2,000, and any payment thereafter made by the railroad company upon the claim which belongs to the insurance company would be held by the insured for the benefit of the insurance company. (*Weber* v. *Morris & Essex Railroad Co.*, 35 New Jersey Law, 409; *Hartford Accident & Indemnity Co.* v. *Chartrand*, 239 N. Y. 36.) The affidavits in this case do not, however, show that the railroad company has paid to the insured the damages for which he has already received indemnity from the insurance company. Even after the

insurance company was subrogated to the claim of Greger, the insured, against the railroad company for the destruction of the automobile, Greger still had the right to proceed against the railroad company to recover for his own benefit any damages for personal injuries or to other property which were caused by the same accident. The complaint in the action brought by Greger against the railroad company included a claim for personal injuries and for injury to property other than the automobile. Indeed the complaint is so phrased that it is not entirely clear that it was intended to include any claim for the loss of the automobile. Even a judgment entered upon a general verdict in an action which was brought to recover every loss suffered by negligence of the railroad company might not allow the inference that the judgment included the full sum paid to the insured for the loss of the automobile. (*Costello* v. *N. Y. C. & H. R. R. R. Co.*, 238 N. Y. 240.) Here no verdict was rendered and it is not claimed that the amount paid by the railroad company to Greger represented more than a compromise of a disputed liability, and no inference can be drawn that it constituted a full payment for damages suffered. The judgment in the present action in favor of the insurance company against Greger can, therefore, not be sustained upon the theory that Greger has received from the railroad company moneys which equitably belonged to the insurance company.

It is urged that it may be sustained on the ground that by the release to the railroad company the defendant Greger has destroyed the right of action which the insurance company had against the railroad company. The release has certainly not destroyed the right to recover against the railroad company which the insurance company obtained by subrogation when it paid Greger for the loss sustained by the destruction of the automobile, if the railroad company paid less than the full damages caused by its negligence and obtained the release

with knowledge that the insurance company had paid to Greger part of these damages under the insurance policy. (*Fire Association of Philadelphia* v. *Wells*, 84 N. J. Eq. 484; *Ocean Accident & Guarantee Corporation* v. *Hooker Electrochemical Co.*, *supra*.) There is evidence in this case from which it might be inferred that the railroad company did acquire such knowledge from an examination of Greger held at its instance. There is indeed a question of fact whether in view of all the circumstances, including the form of the complaint and of the release, the parties to the release ever contemplated that the railroad company should be released from any claim already transferred to the insurance company for damages to the automobile. (*Conn. Fire Insurance Co.* v. *Erie Ry. Co.*, 73 N. Y. 399.)

Even if it should appear that in fact the release was taken by the railroad company without knowledge that the insurance company was subrogated to part of Greger's claim against the railroad company and was intended to cover all the damages suffered by Greger, it would still appear that the insurance company should recover only for the loss it has sustained by that release. If Greger has acted wrongfully and in derogation of the rights of the insurance company he should pay the damages which he has caused. After payment of the insurance money, the insurer became the equitable owner of any right of action of the assured to recover the same damages against the person primarily liable. The courts of some other jurisdictions have held that a release given by the assured to an alleged wrongdoer before payment by an insurance company of the damages caused by the alleged wrongdoer constitutes a defense to an action upon the policy, regardless of whether or not recovery might have been had against the wrongdoer if no release had been given. (*Sims* v. *Mutual Fire Insurance Co.*, 101 Wis. 586.) We are not called upon to decide whether in the same circumstances we would reach a like conclusion. Here

the insurance company asserts a claim against the assured for wrong and damages alleged to have been caused to it by the assured. (See *Vooth* v. *McEachen,* 181 N. Y. 28; *McAleenan* v. *Mass. Bonding & Ins. Co.,* 232 N. Y. 199, at page 205.) It must in such case show that in fact the wrong has been committed and also the damages caused thereby. In order to prove damage it must show that in fact it might have recovered against the railroad company as a wrongdoer. There is no such proof in this case. For all these reasons the judgment of the Appellate Division should be reversed, and the order of the Special Term affirmed, with costs in the Appellate Division and in this court.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS, KELLOGG and O'BRIEN, JJ., concur.

Judgment accordingly.