PASLEY v. AMERICAN SURETY CO. OF N. Y.

No. 14548.

Court of Civil Appeals of Texas. Dallas.

Oct. 31, 1952.

Rehearing Denied Dec. 5, 1952.

L. P. Snell, Jr., of Dallas, for appellant.
Patton & Giles, of Dallas, for appellee.

CRAMER, Justice.

This is an appeal from the entry of a summary judgment in favor of appellee as insurance carrier, and against appellant Pasley, upon the answers to demands for admissions by each party under Rule 169, T.R.C.P. The facts thus established are as follows:

Pasley had a policy of automobile upset and collision insurance with the appellee as insurer and, while such policy was in full force and effect, had an automobile collision with Dr. J. M. Travis. On March 2, 1949 Pasley presented proof of loss to the insurer who thereafter paid Pasley $330 (the total claim made being for $380, less $50 deductible under the terms of the policy), and executed an instrument admitting receipt of said $330, in words and figures as follows:

"Received from the American Surety Company (hereinafter referred to as "Company") the sum of Three Hundred Thirty and 00/100 dollars ($330), as a loan, without interest, repayable only in the event and to the extent of any net recovery the undersigned may make from any person, persons, corporation or corporations, or other parties, causing or liable for the loss or damage to the property described below, or from any insurance effected on such property, and as security for such repayment the undersigned hereby pledges to the said Company all his, its or their claim or claims against said person, persons, corporation or corporations or other parties, or from any insurance carrier or carriers, and any recovery therefrom, and hereby delivers to said Company all documents necessary to show his, its or their interest in said property.

"The undersigned covenants that no settlement has been made by the undersigned with any person, persons, corporation or corporations, or other parties against whom a claim may lie, and no release has been given to anyone responsible for such loss and that no such settlement will be made, nor release given without the written consent of the said Company; and the undersigned covenants and agrees to cooperate fully with the said Company, to promptly present claim and, if necessary, to commence, enter into and prosecute suit against such person or persons, corporation or corporations, or other parties, through whose negligence or other fault the aforesaid loss was caused, or who may otherwise be responsible therefor, with all due diligence, in his, its or their own name.

"In further consideration of said advance the undersigned hereby guarantee(s) that he, it or they are the owner(s) of said property and entitled to

recover upon said claim for loss or damage thereto, and hereby appoint(s) the managers and/or agents of the said Company and their successors severally, his, its or their agent(s) and attorney(s)-in-fact, with irrevocable power, to collect any such claim or claims, and to begin, prosecute, compromise or withdraw in his, its or their name, but at the expense of the said Company, any and all legal proceedings that the said Company may deem necessary to enforce such claim or claims, and to execute in the name of the undersigned, any documents that may be necessary to carry the same into effect for the purposes of this agreement.

"Any legal proceedings are to be under the exclusive direction and control of said Company.

"The property hereinabove set forth is as follows: 1940 Plymouth 2-door Sedan, Motor #p10-123583, License #HH 201."

The policy of insurance, in paragraph 17, provided for insurer's subrogation rights as follows:

"17. Subrogation. * * * In the event of any payment under this policy, the company shall be subrogated to all the insured's rights of recovery therefor against any person or organization and the insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The insured shall do nothing after loss to prejudice such rights."

It is undisputed that the insurer's check for $330 was payable to both H. N. Pasley and a Jacksonville, Texas, Bank which held a note secured by mortgage against said automobile and that when the check was endorsed by both payees, Pasley received $65 of the $330 and the Bank received $265 in payment of its note.

Thereafter, the next day, Pasley made demand upon Dr. J. M. Travis for damages growing out of the accident, and was paid $450. At the time of said payment Pasley executed a release to Dr. Travis in words and figures as follows:

"Travis Clinic Office Second Floor First National Bank Jacksonville, Texas, April 15, 1949 City of Jacksonville County of Cherokee Whereas, on March 2, 1949, while driving down Burma Road, and in crossing Highway No. 347, my car and the car driven by H. N. Pasley, accompanied by his wife, Fannie, came in contact. H. N. Pasley lost control of his car and came in contact with the left headlight of my car. The said Pasley car rolled over several times, causing considerable damage to car, and slight injury to self and wife. The damage was estimated and I agreed to do the following: That I will pay said Pasley and wife the sum of $450.00, as damage to automobile and that they thereby agree to release me from further financial, physical, mental, or any other damage or injury. (signed) J. M. Travis, M.D. J. M. Travis M.D. (signed) H. N. Pasley H. N. Pasley (signed) Fannie Pasley Fannie Pasley."

Thereafter the insurer made demand on Dr. Travis for $330, the amount it had paid Pasley. Dr. Travis informed the insurer of, and exhibited to it, his release from Pasley.

Shortly thereafter this suit was filed by the insurer against Pasley.

After answers by each party to requests for admissions, both parties made motions for summary judgment. After a hearing, the trial court overruled Pasley's motion and sustained the insurer's motion, and entered judgment accordingly.

Appellant Pasley briefs six points of error, the first two points being, in substance, that since the insurer failed to allege the collision was caused (1) by the negligence of Dr. Travis, and (2) which proximately caused Pasley's damages, it was error to render summary judgment for the insurer. Insurer contended that since its cause of action was on the contract, it was not necessary for it, the insurer, to allege or prove (1) negligence, or (2) proximate cause,—such issues not being material to its action against Pasley.

The evidence on these questions is undisputed.

The subrogation clause above quoted only subrogates the insurer to "* * * the insured's right of recovery * * *" against third parties.

The instrument signed by Pasley to secure a settlement under the policy of insurance was on a printed form prepared by the insurer and must be construed with the contract of insurance on which the liability of the insurer rested. Under the terms of the policy of insurance the loss for which claim was made was covered, and paid in full by insurer, less $50 as provided in the policy.

■ As a matter of law, the insurer having paid Pasley's claim in full as made by him, the instrument received as an acknowledgment of such settlement was to all intents and purposes nothing more than a full release of all liability under the policy. No new consideration was present to justify extending the effect of such release. See Annotations in 157 A.L.R. 1255.

■ The rights of the insurer to subrogation are set out in paragraph 17 of the policy quoted above, and limit the subrogation rights of insurer to "* * * insured's rights of recovery therefor against any person or organization." This wording in our opinion limits such rights to insured's legal rights.

■ We are further of the opinion that in insurer's action against insured to recover monies the insured received from insurer, because of the later collection of more than that amount from a third party, that negligence and proximate cause are issues necessary to a recovery on the claim of insurer against insured, under the facts in this record.

The applicable rule to the facts here is stated in Hamilton Fire Ins. Co. v. Greger, 246 N.Y. 162, 158 N.E. 60, on page 62, 55 A.L.R. 921, where that court stated:

"Here the insurance company asserts a claim against the insured for wrong and damages alleged to have been caused to it by the assured. See Vooth v. McEachen, 181 N.Y. 28, 73 N.E. 488, 2 Ann.Cas. 601; McAleenan v. Massachusetts Bonding & Insurance Co., 232 N.Y. 199, at page 205, 133 N.E. 444. It must in such case show that in fact the wrong has been committed and also the damages caused thereby. In order to prove damage, it must show that in fact it might have recovered against the railroad company as a wrongdoer. There is no such proof in this case."

Points 1 and 2 are sustained.

Points 3 to 6 inclusive assert error in granting appellee's motion for summary judgment, since (3) appellee has not alleged Dr. Travis had no knowledge of appellee's purported right of subrogation on April 15, 1949; (4) an issue of fact was raised by the pleadings as to whether or not Dr. Travis on April 15 had knowledge of such rights; (5) a fact issue was raised by the pleadings as to whether Pasley's purported settlement with Dr. Travis was in full settlement of damage to Pasley's automobile; (6) a fact issue was raised by the pleadings as to the extent of the interest of the Jacksonville Bank in the proceeds of $330.

■ The facts discussed under points 1 and 2 are referred to here. Dr. Travis not being a party to this suit, it is immaterial and no justiciable issue was present as to whether or not Dr. Travis knew of insurer's rights.

■ The policy provided that the loss was payable to Pasley and the Bank as its interest might appear. What Pasley and the Bank agreed to between themselves with reference to the amount due on the mortgage note was of no concern and could not be involved in the controversy between Pasley and the insurer.

■ The release by Pasley of Dr. Travis, quoted above, appears to be in full of Dr. Travis's liability. It cannot be questioned here, since Dr. Travis is not a party to this suit. Texas Employers Ins. Ass'n v. Brandon, 126 Tex. 636, 89 S.W.2d 982. Points 3 to 6 inclusive are overruled.

For the errors pointed out, the judgment below is reversed and the cause is remanded to the trial court for a new trial.

Reversed and remanded.

BOND, C. J., not sitting.