MARY J. COLSCH & another *vs.* THE TRAVELERS INSURANCE COMPANY. April 3, 1972. This is an appeal by the plaintiffs (husband and wife) from an order of the judge sustaining a demurrer to the plaintiffs' declaration in four counts. The plaintiffs alleged that an action was brought against them following a motor vehicle accident and that the defendant insurer acting "arbitrarily and in bad faith, breached its obligation . . . to exercise good faith and diligence in protecting the . . . [plaintiffs'] interests by disregarding" an offer to settle the claim within the policy limits and thus subjecting the plaintiffs to a judgment in excess of the policy limits. The plaintiffs also alleged that the defendant failed to "exercise good faith and diligence" by not seasonably filing a bill of exceptions in the action against the plaintiffs after promising to do so. The defendant demurred on the ground that the allegations in the declaration were insufficient in law to maintain the action. There was no error. (1) The averment of bad faith without allegation of other substantive facts is a bare, general conclusion of

law and is insufficient to constitute a cause of action. "A demurrer does not admit general conclusions of law or conclusions of law from facts averred. . . . The demurrer did not admit that the insurer acted other than in good faith." *Chicoine* v. *State Farm Mut. Auto Ins. Co.* 351 Mass. 664, 666. At most, the plaintiffs have alleged a failure to make a settlement "which a reasonably prudent person exercising due care 'from the standpiont of the assured' would have made." *Abrams* v. *Factory Mut. Liab. Ins. Co.* 298 Mass. 141, 145. *Murach* v. *Massachusetts Bonding & Ins. Co.* 339 Mass. 184, 187. See Martin and Hennessey, Automobile Law and Practice (2d ed.) § 709. "The declaration . . . mentions 'bad faith,' but the context shows that nothing more is meant by this than the refusal to make a prudent settlement." *Abrams* v. *Factory Mut. Liab. Ins. Co., supra*, at 145. (2) "[O]ne who seeks to hold another responsible for neglect in the conduct of litigation must show that the action which has been neglected would probably have been successful and, therefore, that its neglect has directly resulted in damages measured by the value or amount of the rights which were lost by the default." *McAleenan* v. *Massachusetts Bonding & Ins. Co.* 232 N. Y. 199, 204–205. See *Sterios* v. *Southern Sur. Co.* 122 Wash. 36. The plaintiffs failed to allege any facts indicating that the result of the action against them would have been different if a bill of exceptions had been seasonably filed. *McAleenan* v. *Massachusetts Bonding & Ins. Co., supra.*

*Order sustaining demurrer affirmed.*

*Kenneth C. Cummins* for the plaintiffs.
*Charles W. O'Brien* for the defendant.