■ NEW YORK PROPERTY INSURANCE UNDERWRITING ASSOCIATION, Appellant, v MARNO REALTY CORPORATION et al., Respondents. — In an action to recover moneys paid as compensation for damages to insured properties, plaintiff appeals from an order of the Supreme Court, Queens County (Kassoff, J.), dated March 2, 1981, which denied its motion for summary judgment as against defendant Howard Goldberg. Order modified, on the law, by deleting the words "is denied in all respects" and substituting therefor the following: "is granted as against defendant Howard Goldberg in the amount of $8,250 for the building located at 307 Beach 43rd Street and is otherwise denied." As so modified, order affirmed, with $50 costs and disbursements to plaintiff. Defendant Howard Goldberg admitted in open court that he intentionally damaged the building at 307 Beach 43rd Street (Building No. 307) by fire. He then pleaded guilty to attempted arson in the fourth degree for his actions. No question remains about his liability for damages caused to this insured building. When plaintiff paid the owner, defendant Marno Realty Corp., for the loss to Building No. 307, it became subrogated to the owner's right to collect for these same damages against a third-party wrongdoer (cf. *Hamilton Fire Ins. Co. v Greger*, 246 NY 162, 164). Consequently, plaintiff is entitled to summary judgment with respect to this building as against defendant Goldberg. The plaintiff had paid a total of $19,251 for fire losses on four buildings, specifically paying $8,250 to cover the loss on Building No. 307. There is thus no question as to the amount of defendant Goldberg's liability on Building No. 307. Howard Goldberg may also be liable with respect to the other three buildings, one of the questions reserved for trial. Weinstein, J. P., Thompson, Bracken and Brown, JJ., concur.