■ AETNA CASUALTY AND SURETY COMPANY, Appellant, v BEKINS VAN LINES CO., Respondent and Third-Party Plaintiff. GERALD SMITH, Third-Party Defendant.—Order, Supreme Court, New York County (Robert White, J.), entered October 2, 1984, granting defendant and third-party plaintiff Bekins Van Lines Co.'s motion for summary judgment dismissing the complaint, and denying the cross motion of plaintiff the Aetna Casualty & Surety Company for summary judgment on the complaint in the main action, affirmed, with costs.

The facts are adequately set forth in the dissenting opinion. The issue presented by the unusual factual pattern seems to us to require the application of principles other than those found dispositive by our dissenting colleague.

Undeniably it is the general rule that the subrogation rights of the insurer who pays the insured for damages caused by the fault or wrongdoing of a third party may not be defeated by a settlement entered into between the insured and the third party after the third party has notice of the payment. *(See, Ocean Acc. & Guar. Corp. v Hooker Electrochemical Co.,* 240 NY 37.)* However, a leading New York Court of Appeals decision at least suggests as a possible qualification of that general rule that it may not apply where the third party has fully paid the damages for which it is liable. Thus, in *Hamilton Fire Ins. Co. v Greger* (246 NY 162, 167-168) the Court of Appeals said: "The release has certainly not destroyed the right to recover against the railroad company which the insurance company obtained by subrogation when it paid Greger for the loss sustained by the destruction of the automo-

bile, if the railroad company paid less than the full damages caused by its negligence and obtained the release with knowledge that the insurance company had paid to Greger part of these damages under the insurance policy."

To the same effect is a comment in a leading annotation on the general subject, "Rights and remedies of property insurer as against third-person tortfeasor who has settled with insured" (Ann., 92 ALR2d 102, 124), where the general rule is set forth in the following words: "[Where, after the insurer has paid the claim, the tortfeasor, with * * * notice of the insurer's payment * * * procures a full or general release by voluntarily making a settlement with the insured to which the insurer is not a party and without the consent of the insurer, the courts generally agree that such release and settlement will not bar an action to enforce the insurer's right to subrogation, at least where the tortfeasor paid less than the full damages caused by his negligence."

We think it unnecessary here to determine whether the limitation on subrogation rights suggested in these authorities is one of universal applicability. The issue appears never to have been squarely addressed by any New York court, and indeed our attention has not been called to any authority in any court that has directly addressed the question. In this case, however, in addition to the payment by the common carrier, Bekins Van Lines Co. (Bekins), of the entire damages for which it was liable, there appear other factors that are persuasive against sustaining the insurer's subrogation claim.

The principle is of course clear that the insurer is entitled by way of subrogation, not to the amount paid the insured, but only to the insured's claim against the third party. However, the record is clear that the value of the destroyed property stated by the insured was considerably less than its true value. Accordingly, the insurer's right to recover for the amount it paid the insured with regard to the vehicle would at best be limited to an amount determined by establishing the relationship between the stated value of the property that was damaged and its true value. Implicit in the approach contended for by the insurance company, and indorsed in the dissenting opinion, is the view that Bekins should have withheld from the insured the amount that had been paid by the insurance company to the insured for the loss of the car. But this would have required Bekins to withhold from the insured at least some money to which the insured was entitled, or alternatively to have undertaken itself to make an apportionment of the amount paid by the insurance company to the

insured between that which was due to the insurance company and that which was due to the insured. Under the circumstances, we do not believe that Bekins can fairly be faulted for promptly paying the full extent of its liability to the party with whom it had contracted, leaving the disputed issue to be determined between the insurer and the insured, the parties primarily concerned in the dispute.

In short, we are persuaded on an evaluation of the situation as a whole that the case should be controlled by the essential principle set forth in 16 Couch, Insurance 2d § 61:21 (rev ed): "To entitle one to subrogation, his equity must be strong and his case clear, since it will not be enforced where the equities are equal, or the rights are not clear, or where it will prejudice the legal or equitable rights of others." Concur—Sandler, J. P., Ross, Milonas and Ellerin, JJ.

Bloom, J., dissents in a memorandum as follows: Regretfully, I find myself unable to join with my colleagues. Accordingly, I respectfully dissent and vote to modify the order appealed from to the extent of denying the motion of Bekins for summary judgment.

The facts are relatively simple although the issues flowing therefrom are not. Gerald Smith, the third-party defendant, engaged Bekins, a common carrier, to transport certain property from Houston, Texas, to New York City. Included among the items shipped were works of art, household furnishings and a 1974 Mercedes Benz automobile. Smith declared the released value* of the property to be $58,000 and paid the appropriate insurance tariff. Smith also carried insurance on the Mercedes with Aetna.

On August 28, 1979, while en route to New York, the truck carrying Smith's property suffered an electrical malfunction and caught fire. The property it was carrying was totally destroyed. On October 19, 1979, Smith filed a claim with Bekins listing the actual value of the property shipped at $119,475. Prior thereto, he had filed a claim with Aetna for loss of the Mercedes Benz and on September 20, 1979, Aetna paid Smith the sum of $14,161.87 for the loss of the automobile. On October 5, 1979, Aetna wrote to Bekins notifying it of the fact that it insured some of Smith's property damaged in shipment. On November 5, 1979, and again on November 8, 1979, it wrote to Consumer Claims Agency, Bekins' claims

---

* Released value is defined as "the value agreed upon by the shipper and the carrier" (National Bus Traffic Assn. v Interstate Commerce Commn., 613 F2d 881, 882). It does not reflect the actual value.

agent, specifically asserting its rights as Smith's subrogee and the amount of its claim. By letter dated November 14, 1979, Consumer acknowledged receipt of Aetna's claim and indicated that it would be reviewed.

In the interim, Consumer investigated the loss and the value of the goods involved. It concluded that the amount of the loss was the released value. By three checks dated September 13, 1979, it paid to Smith the sum of $5,000. By an additional three checks dated October 29, 1979, *after* Aetna had notified Bekins that it was the insurer of some of Smith's property involved in the loss, Consumer paid Smith an additional sum of $5,000. By check dated November 19, 1979, some two weeks after Aetna had sent its letter to Consumer asserting its claim for $14,161.87 as Smith's subrogee, Consumer issued a check to Smith for $48,000 representing the balance of the released value.

This action was then brought. Bekins vouched in Smith as a third-party defendant asserting that in the event it is liable to Aetna on the ground that Aetna was subrogated in part to Smith's claim against it, then it is entitled to recoup from Smith the amount required to be paid by it to Aetna.

After issue had been joined Bekins moved for summary judgment. Aetna cross-moved for the same relief. Special Term granted Bekin's motion and denied Aetna's cross motion, noting that Bekins' limit of liability was $58,000; that it has paid that amount and cannot be compelled to pay more.

We think that the focus of Special Term's attention was misdirected. It is axiomatic that an insured is entitled to but one recovery for his loss *(cf.* 8A [rev vol] Appleman, Insurance Law and Practice § 4907.35). As a consequence, equity has fashioned the doctrine that "an insurer who pays claims against the insured for damages caused by the default or wrongdoing of a third party is entitled to be subrogated to the rights which the insured would have had against such third party" *(Ocean Acc. & Guar. Corp. v Hooker Electrochemical Co.,* 240 NY 37, 47). However, the recovery must be bottomed on the same claim *(Hamilton Fire Ins. Co. v Greger,* 246 NY 162). Where the claims are different in nature, the doctrine of subrogation has no application. Here, Smith was covered by two different policies. One, issued by Bekins, was limited specifically to the period while the property was in its custody as carrier. It encompassed all the property shipped, including the Mercedes Benz. The other, issued by Aetna, covered only the Mercedes Benz and was general in nature; unlimited as to the circumstances of the loss.

However, for the loss of the automobile Smith was entitled to be paid only once. Payment to Smith, made under both of the policies, exceeded $72,000. Some part of the payment made by Bekins covered the Mercedes. The entire payment made by Aetna covered only the Mercedes. While the claim interposed by Smith with Bekins asserts that the value of the property destroyed exceeded $119,000, there has never been any judicial valuation of that property. The elasticity of Smith's sense of value is manifested by comparison of the value stated in the claim with the assertion contained in the first counterclaim set forth in his answer to Bekins' third-party complaint, where he alleges that the value of the household goods shipped was in excess of $200,000 and the value of the five-year-old Mercedes Benz was in excess of $20,000. This disparity in claimed values makes all the more important an impartial valuation of the property shipped to insure that the total amount paid both by Bekins and Aetna did not exceed the value of the property destroyed.

Additionally, the facts make evident that Bekins and Aetna were coinsurers as to the Mercedes Benz. Upon a determination of the value of the property insured, there may have to be an allocation of the value of the Mercedes Benz to the value of all of the property destroyed and an apportionment of loss to Bekins and Aetna based on that allocation in order to determine the degree to which Aetna is entitled to be subrogated. It is obvious, therefore, that there are questions of fact which preclude the granting of summary judgment to either party.

It is somewhat unfortunate that Bekins did not invoke the available remedy of interpleader (CPLR 1006). Having been notified by Aetna that it was claiming Smith's subrogee Bekins could have obviated the problem by withholding the amount claimed, bringing an action in interpleader against both Aetna and Smith, and paying the amount withheld into court, thus relieving itself of any further possible liability. It did not avail itself of this remedy.