*335 OPINION OF THE COURT
Phyllis Gangel-Jacob, J.
Defendants move to strike this action from the Trial Calendar because pretrial disclosure is incomplete. Plaintiff cross-moves for summary judgment and in reply to the cross motion, defendants move for summary judgment dismissing the complaint. Defendants’ motion for summary judgment is granted and plaintiff’s cross motion is denied. Defendants’ motion to strike is moot.
This is an action by an insurance company against its insureds to recover money paid on the policy. Defendant insureds suffered personal injury and property damage in an airplane crash on September 13, 1982. Plaintiff covered them for homeowner’s insurance at the time, and on February 24, 1983, plaintiff paid their claim for lost luggage in the amount of $4,022.13.
Defendants also sued the airline and manufacturer of the aircraft, among others, in Federal court, seeking $1,000,000 for each of them in compensatory damages, as well as exemplary damages. On December 22, 1983, defendants executed a release of all their claims against all parties in return for $35,000 from Spantax, S. A., a defendant in the Federal action. The release, printed on a standard form, stated that all defendants’ claims and those of their assigns were being released, "by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this release.” The release also contained a typewritten paragraph stating: "Releasors further agree to indemnify and hold harmless Releasees from any claims made by the Releasors’ homeowners insurance policy carrier with respect to claims arising from the spantax incident on September 13, 1982.” Plaintiff demands that defendants return the money it paid on the policy, arguing that defendants were paid twice for the lost luggage, once by plaintiff, and once in consideration of the release.
As a general rule, "an insurer who pays claims against the insured for damages caused by the default or wrongdoing of a third party is entitled to be subrogated to the rights which the insured would have had against such third party”. (Ocean Acc. & Guar. Corp. v Hooker Electrochemical Co., 240 NY 37, 47 [1925].) "This right of subrogation is based upon principles of equity and natural justice” (supra, p 47). This rule also applies when a property insurer pays a claim for property damage *336 covered by the policy (e.g., Hamilton Fire Ins. Co. v Greger, 246 NY 162, 164 [1927]).
Nevertheless, the right of subrogation may be destroyed if the insureds execute a release of their claims against the alleged wrongdoer so that the insurance company’s only remedy is to recover the amount paid from its insureds. (Aetna Cas. & Sur. Co. v Schulman, 70 AD2d 792, 793 [1st Dept], lv denied 48 NY2d 608 [1979]; Metropolitan Cas. Ins. Co. v Badler, 132 Misc 132, 133 [App Term, 1st Dept 1928].) But a release destroys subrogation rights only if the alleged wrongdoer did not know or have reason to know of the insurance coverage and the insurer’s claim to subrogation rights. (Ocean Acc. & Guar. Corp. v Hooker Electrochemical Co., 240 NY, at p 46; Aetna Cas & Sur. Co. v Schulman, 70 AD2d, at pp 793-794.)
An express reservation in the release of the insurance company’s rights constitutes notice to, and indicates knowledge by, the alleged wrongdoer that the insurer intends to proceed against it; thus, the insurer retains its subrogation rights. (Weinberg v Transamerica Ins. Co., 62 NY2d 379, 383 [1984] ; Ziegler v Raskin, 100 AD2d 814, 816 [1st Dept 1984], appeals dismissed 63 NY2d 674 [1984], and 65 NY2d 925 [1985] ; Record v Royal Globe Ins. Co., 83 AD2d 154, 158-159 [2d Dept 1981].)
Therefore, an insurer may not recover from the insureds the sum paid under the policy, if its subrogation rights are still in force. (Hamilton Fire Ins. Co. v Greger, 246 NY 162, 167 [1927].) The particular release in this case provides that the insureds must indemnify the releasees (the airline, manufacturer, etc., if the insurance company sues and prevails against them, but the release does not destroy the insurer’s right (and sole remedy) of suing the alleged tort-feasors to recover the amount paid to the insureds.
Moreover, in Hamilton (supra), the Court of Appeals reversed the lower courts’ grant of summary judgment in favor of the insurance company against its insured (supra, at p 167). The Hamilton court pointed out, in discussing the release given by the insured to settle his case against the tort-feasor: "[N]o verdict was rendered and it is not claimed that the amount paid by the railroad company to Greger [the insured] represented more than a compromise of a disputed liability, and no inference can be drawn that it constituted a full payment for damages suffered. The judgment in the present *337 action in favor of the insurance company against Greger can, therefore, not be sustained upon the theory that Greger has received from the railroad company moneys which equitably belonged to the insurance company.” (246 NY, at p 167.)
In this case, the insureds received a compromise amount of $35,000 in settlement of a $2,000,000 claim. Thus, it cannot be said that the insureds were actually paid in the settlement the same amount for the lost luggage as plaintiff had paid pursuant to its insurance policy. The insureds have not received unjust enrichment.
Contrast Aetna Cas. & Sur. Co. v Bekins Van Lines Co. (114 AD2d 308, 309 [1st Dept 1985]), in which the court found that the right of subrogation was destroyed by the insured’s release, because Bekins, the alleged wrongdoer, paid the full amount for which it could be liable under the contract of carriage in consideration for the release.
Accordingly, defendants’ motion for summary judgment is granted; plaintiffs cross motion is denied. The motion to strike the case from the calendar is moot.