■ In the Matter of CNA INSURANCE COMPANY, Respondent, v TARA T. MCNAMARA, Appellant, and COUNTRY-WIDE INSURANCE COMPANY, Respondent.—In a proceeding pursuant to CPLR article 75 to stay arbitration of an uninsured motorist claim, Tara T. McNamara appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Westchester County (Donovan, J.), dated October 19, 1987, as, upon dismissing the petition, made its dismissal without prejudice to renewal before the arbitrator and to impleader of Country-Wide Insurance Company in the arbitration.

Ordered that the judgment is reversed insofar as appealed from, with costs, and the provisions permitting renewal and impleader of Country-Wide Insurance Company are deleted.

The record reveals that the petitioner CNA Insurance Company (hereinafter CNA) commenced this proceeding to stay arbitration of an uninsured motorist claim on the ground that the offending vehicle was covered by a policy of automobile insurance issued by Country-Wide Insurance Company (hereinafter Country-Wide) at the time of the accident. The Supreme Court, in dismissing the petition as vague and unsubstantiated, nevertheless effectively granted CNA leave to renew the claim before the arbitrator and to implead Country-Wide as an additional party to the arbitration. This was error, as it is firmly established that under these circumstances, the appropriate forum for the resolution of the preliminary issue of insurance coverage is the court rather than arbitration *(see, Matter of Aetna Cas. & Sur. Co. [Bruton],* 45 NY2d 871, *revg* 58 AD2d 551 *on dissent of Silverman, J., at App Div; Matter of Rosenbaum [American Sur. Co.],* 11 NY2d 310; *Matter of National Gen. Ins. Co. [Makofske],* 100 AD2d 905; *Matter of Allstate Ins. Co. v Jacobs,* 85 AD2d 542; *Matter of Carmichael [Govt. Employees Ins. Co.],* 54 AD2d 140). Moreover, having exercised its opportunity to have the claim of coverage passed upon by the Supreme Court, CNA is not entitled to a second opportunity to raise the issue before the arbitrator. Mollen, P. J., Bracken, Rubin and Sullivan, JJ., concur.