■ In the Matter of the Arbitration between GENERAL ACCIDENT INSURANCE COMPANY, Appellant, and JANE E. RAMEE et al., Respondents.—Mercure, J. Appeal from an order of the Supreme Court (Kahn, J.), entered December 8, 1988 in Albany County, which denied petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties.

Respondent Jane E. Ramee was injured in a collision between a motor vehicle driven by her husband, respondent George W. Ramee, and a vehicle owned and operated by Katherine Ryle. Respondents settled their claim against Ryle for $10,000, the liability limit of Ryle's auto insurance policy, and gave a general release in exchange. Respondents then asserted a claim against petitioner, their own auto insurance carrier, under their "underinsured motorist" endorsement. Petitioner refused payment of the claim, asserting that respondents were not entitled to recover because they prejudiced petitioner by settling their claim against Ryle without reserving petitioner's subrogation rights *(see, Weinberg v Transamerica Ins. Co.,* 62 NY2d 379). Respondents served a demand for arbitration and petitioner in turn brought this application to stay arbitration pursuant to CPLR 7503. Supreme Court denied the application. Petitioner appeals.

We affirm. Initially, we agree with Supreme Court that petitioner's application was untimely *(see,* CPLR 7503 [c]). Contrary to petitioner's assertion, respondents served a demand for arbitration on June 22, 1988. The fact that respondents made a request, ultimately rejected, that the arbitration be conducted by the American Arbitration Association did not render the demand a nullity. Accordingly, petitioner's applica-

tion for a stay of arbitration, made on August 15, 1988, was properly denied *(see, Matter of Nationwide Mut. Ins. Co. [Miller],* 95 AD2d 961). Moreover, were we to address the merits, the result would be no different. The subject endorsement specifically provides for arbitration of the issue of whether a covered person is entitled to recover damages under it. Therefore, the merit of respondents' claim is to be determined by the arbitrators and not by the courts *(see, Matter of Prudential Prop. & Cas. Ins. Co. [Hildalgo],* 133 AD2d 87, 88).

Order affirmed, with costs. Mahoney, P. J., Weiss, Mikoll, Levine and Mercure, JJ., concur.