■ In the Matter of UNITED STATES FIDELITY AND GUARANTY COMPANY, Respondent, v CAROL A. MITCHELL, Appellant. —Order unanimously reversed on the law without costs and motion denied, in accordance with the following memorandum: Respondent was injured when a vehicle operated by Diann Williams left the roadway and rolled over several times. Respondent settled her action for damages against Williams for $10,000, the personal injury limits of Williams' policy. Respondent submitted a claim for underinsurance benefits provided by the underinsurance endorsement of her automobile insurance policy issued by petitioner, United States Fidelity and Guaranty Company (USF&G). After USF&G denied coverage and respondent insured filed a de-

mand for arbitration, USF&G commenced this proceeding for a stay of arbitration upon the ground that, in executing a general release in favor of the tort-feasor, respondent failed to protect and preserve USF&G's subrogation rights to proceed against the tort-feasor.

The parties agreed to submit to arbitration all disputes regarding whether the insured "is legally entitled to recover damages" under the endorsement. Such language submits to arbitration the issues of fault and damages, but it does not include the issue of compliance with a condition precedent to coverage (see, Matter of Rosenbaum [American Sur. Co.], 11 NY2d 310, 314). Thus, Supreme Court correctly determined that the issue whether respondent's settlement prejudiced USF&G's subrogation rights was a matter for the court, not the arbitrators, to decide (see, Matter of Rosenbaum [American Sur. Co.], supra; Matter of Aetna Cas. & Sur. Co. [Bruton], 45 NY2d 871, revg 58 AD2d 551; Matter of CNA Ins. Co. v McNamara, 149 AD2d 590; cf., Matter of General Acc. Ins. Co. [Ramee], 157 AD2d 877). The court erred, however, in concluding that respondent's execution of a general release prejudiced her insurer's subrogation rights. The release expressly reserved "any and all rights under the underinsured coverage portion" of the policy issued by USF&G. Assuming, arguendo, that this language did not amount to an express reservation of USF&G's subrogation rights, execution of the release does not preclude the insurer from enforcing its right of subrogation against the wrongdoer because the third-party tort-feasor knew, at the time of the release, of those rights (see, Hamilton Fire Ins. Co. v Greger, 246 NY 162, 167-168; Ocean Acc. & Guar. Corp. v Hooker Electrochemical Co., 240 NY 37, 50-51; Silinsky v State-Wide Ins. Co., 30 AD2d 1, 3; Hartford Ins. Group v Posen, 134 Misc 2d 334, 336). Accordingly, the application for a stay of arbitration should have been denied, and the parties should have been directed to proceed to arbitration in accord with the procedure set forth in the underinsurance endorsement. (Appeal from order of Supreme Court, Onondaga County, Murphy, J.—arbitration.) Present—Doerr, J. P., Boomer, Pine, Balio and Lawton, JJ.