■ In the Matter of ALLSTATE INSURANCE COMPANY, Appellant, v HOWARD STREEM, Respondent. [617 NYS2d 206] —In a proceeding, *inter alia,* pursuant to CPLR article 75 to stay arbitration of an underinsured motorist claim, the petitioner appeals from so much of an order of the Supreme Court, Nassau County (Lockman, J.), dated January 26, 1993, as denied those branches of the petition seeking a permanent stay of arbitration or, in the alternative, for an order directing a hearing on the issue of whether the petitioner is entitled to an offset as a result of payments received by the insured from other sources.

Ordered that the order is affirmed insofar as appealed from, with costs.

On an application to stay arbitration, the narrow scope of judicial inquiry is limited to "whether the parties made a valid agreement to arbitrate, whether if such an agreement was made it has been complied with, and whether the claim sought to be arbitrated would be barred by limitation of time had it been asserted in a court of the State" *(Matter of County of Rockland [Primiano Constr. Co.],* 51 NY2d 1, 6-7; *see also, Matter of United Nations Dev. Corp. v Norkin Plumbing Co.,* 45 NY2d 358, 362-363). "[W]hile a specifically enumerated restriction upon arbitral authority will be upheld by the courts * * * no such limitation upon either factual or legal dispute resolution will be inferred from a broadly worded contractual provision expressly calling for the arbitration of all disputes arising out of the parties' contract" *(Maross Constr. v Central N. Y. Regional Transp. Auth.,* 66 NY2d 341, 346; *see also, Matter of County of Rockland [Primiano Constr. Co.], supra,* at 7; *Matter of South Country Cent. School Dist. v Bellport Teachers Assn.,* 184 AD2d 771, 773).

The arbitration clause contained in the instant underinsurance policy includes the following general language: "If the insured person and we don't agree on that person's right to receive damages or don't agree on the amount of damages, then at the written request of either the disagreement will be settled by arbitration". Therefore, we find that the Supreme Court properly declined to stay arbitration and address the

merits of the petitioner's claim, including the issue of whether the "Fireman's Rule" precluded the respondent from recovering underinsurance benefits *(see, Matter of General Acc. Ins. Co. [Ramee],* 157 AD2d 877). Rosenblatt, J. P., O'Brien, Ritter and Florio, JJ., concur.