■ In the Matter of the Arbitration between ARTHUR L. FUSCALDO, Respondent, and MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.— Order, entered on February 18, 1965, denying appellant MVAIC's motion for a stay of arbitration, unanimously affirmed, with $30 costs and disbursements to claimant-respondent. Respondent is a New York City policeman who sustained personal injuries in a collision between the police automobile he was operating and a stolen automobile that he was attempting to apprehend. After receipt of a notice of intention to make claim against MVAIC and a demand for arbitration, MVAIC moved for a stay of arbitration pending a preliminary determination whether claimant was the victim of an accident within the meaning of article 17-A of the Insurance Law (see *Garcia* v. *MVAIC,* 18 A D 2d 62). By its petition and annexed exhibits, MVAIC purported to tender the issue whether the injuries sustained by the claimant policeman were the consequences of an intentional vehicular assault rather than an accident. If an assault was involved, MVAIC cannot be held liable to the respondent policeman under its uninsured motorist indorsement (see *Garcia* v. *MVAIC, supra,* p. 64; *McCarthy* v. *MVAIC,* 16 A D 2d 35, affd. 12 N Y 2d 922; *Matter of MVAIC* [*Brinson*], 18 A D 2d 809). The notice of claim served on MVAIC states only that while claimant was trying to apprehend the stolen automobile it, at excessive speed, ran into claimant's vehicle. Special Term, in denying MVAIC's motion, treated the question of whether the

collision was accidental or deliberate as merely an extension of the issue of negligence which formed part of the over-all issue to be decided by the arbitrator. Special Term's view was formerly supported by this court's holding in *MVAIC* v. *Velez* (14 A D 2d 276). It was there held that the arbitration provision of the MVAIC indorsement is not limited to the issues of negligence and damages. However, in so holding, this court expressly refused to follow what it considered as a contrary ruling of the Third Department (*Matter of Phoenix Assur. Co. of N. Y.* [*Digamus*], 9 A D 2d 998). Subsequently, the Court of Appeals stated that it agreed with and adopted the Third Department rule as set forth in *Matter of Phoenix* (*supra*) (*Matter of Rosenbaum* [*Amer. Sur. Co., N. Y.*], 11 N Y 2d 310, 314). At the same time, the Court cf Appeals reversed in a memorandum, the order in the *Downey* case, a case decided by this court which followed the basic rationale of the *Velez* case (*Matter of MVAIC* [*Downey*], 11 N Y 2d 995, revg. 15 A D 2d 893). In the *Downey* case, this court had, prior to reversal by the Court of Appeals, refused to allow a preliminary trial of the issue of whether or not there existed the statutory requisite of physical contact between the vehicles of a claimant against MVAIC and that of a hit-and-run driver. However, MVAIC's petition and exhibits are insufficient to raise the issue which, otherwise, would require a hearing. The petition merely alleges in conclusory terms that claimant's injuries were sustained as a result of deliberate acts. It confuses the distinctions between claimant's alleged status as a victim of an intentional assault and that of a peace officer whose duties, of necessity, expose him to accidental danger. Such exposure would not make an anticipatable event any the less an accident if it was in fact the result of an unintended act. Nor is the petition's inadequacy remedied by the annexed notice of claim, for the specification by claimant that the stolen vehicle ran into his is equally consistent with an unintentional tort as it is with an intentional tort. In short, MVAIC has not sustained its burden of tendering a factual issue requiring a trial. It has rested its position on a conclusory presentation, when it should have disclosed sufficient evidentiary proof to pose, at least, the issue whether claimant was the victim of an intentional tort. Concur — Botein, P. J., Breitel, McNally, Eager and Steuer, JJ.