■ In the Matter of the Arbitration between NATIONAL GENERAL INSURANCE COMPANY, Appellant, and SHIRLEY MAKOFSKE, Respondent. — In a proceeding to stay the arbitration of an uninsured motorist claim, the appeal is from a judgment of the Supreme Court, Nassau County (Kelly, J.), dated January 13, 1983, which denied the application without a hearing. ¶ Judgment reversed, on the law, without costs or disbursements, and matter remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith. ¶ On October 1, 1981, respondent's husband, Lawrence Jay Makofske, was struck and killed by an automobile driven by one John A. Myer. According to the records of the Department of Motor Vehicles, at the time of this incident Myer's vehicle was insured by State Farm Mutual Automobile Insurance Company. State Farm, however, claimed, in a letter to respondent's attorney, that the policy had been canceled, effective March 13, 1981, for nonpayment of the premium. Respondent's attorney was also advised by a letter from Myer's attorney that at the time of the accident Myer did not have automobile insurance coverage. ¶ Respondent sought arbitration under her own automobile insurance policy, issued by petitioner, which contained the standard uninsured motorist indorsement. Petitioner, claiming that the death of respondent's husband was not caused by an accident and that respondent failed to show that there was no insurance coverage for the Myer vehicle, sought to stay arbitration. ¶ Special Term denied the application without a hearing. We reverse. ¶ The only evidence in the record which indicates that the Myer vehicle was uninsured consists of the two letters to respondent's counsel. Since it is possible that State Farm did not effect cancellation in the proper fashion and since petitioner has standing to assert such a claim, it was improper to resolve the issue of coverage against petitioner in the absence of a hearing (see *Matter of Utica Mut. Ins. Co. [Bodie],* 100 AD2d 592; *Matter of State Farm Mut. Auto. Ins. Co. v Matthews,* 74 AD2d 875; *Nassau Ins. Co. v Minor,* 72 AD2d 576; *Matter of Safeco Ins. Co. [Testagrossa],* 67 AD2d 979). ¶ Moreover, there is also a preliminary issue of fact as to whether the incident was an "accident" rather than excluded "intentional" conduct as claimed by petitioner (see *Matter of Fuscaldo [Motor Vehicle Acc. Ind. Corp.],* 24 AD2d

744; *McCarthy v Motor Vehicle Acc. Ind. Corp.,* 16 AD2d 35, affd 12 NY2d 922). Petitioner alleges that Myer was indicted for second degree murder in connection with Lawrence Makofske's death. Although Myer was apparently acquitted, this would, in no event, be binding upon the petitioner (cf. *Brown v City of New York,* 60 NY2d 897), and the issue of whether respondent's husband was struck intentionally or was struck accidentally by Myer must also be resolved at a hearing (see *Matter of Rosenbaum [American Sur. Co.],* 11 NY2d 310). Titone, J. P., Lazer, Mangano and Boyers, JJ., concur.