◼ In the Matter of INSURANCE COMPANY OF NORTH AMERICA, Appellant, v RUSSELL HARTFIELD, Respondent.—In a proceeding to stay arbitration, the petitioner appeals from an order of the Supreme Court, Nassau County (Balletta, J.), dated March 30, 1987, which denied, without a hearing, the petitioner's application to stay arbitration.

Ordered that the order is reversed, with costs, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith; and it is further,

Ordered that leave is granted to the petitioner to serve a supplemental notice of petition (CPLR 305 [a]) and amended petition (CPLR 3025 [b]) upon Gladys Fiana and Empire Insurance Company of Wausau setting forth a cause of action against those parties for a judgment declaring the existence of insurance coverage with respect to the alleged offending vehicle.

On March 28, 1986, the respondent Russell Hartfield was involved in an automobile accident at Fort Washington Avenue and 193rd Street in Manhattan. Hartfield was operating a Honda motorcycle owned by Jose Rodriguez which collided with an Oldsmobile owned by Gladys Fiana and operated by Daniel Trivino, a resident of Virginia. On or about November 13, 1986, the petitioner Insurance Company of North America (hereinafter INA) which insured Rodriguez, was served by Hartfield with notice of an intention to make claim under INA's uninsured motorist endorsement. It was alleged that the Oldsmobile was uninsured.

By notice of petition dated November 21, 1986, the petitioner INA moved to permanently stay arbitration on the ground that the alleged offending vehicle was, in fact, insured by Empire Insurance Company of Wausau (hereinafter Wausau). In support of that claim, the petitioner submitted a

Registration Plate Record Form DP-37 from the New York State Department of Motor Vehicles. That form further indicated that the insurance had been terminated six days prior to the accident. The police accident report, Form MV-104, however, contained the notation "999" in the space provided for insurance code information.

We find that a threshold triable issue of fact was raised as to whether the offending vehicle was insured at the time of the accident. The Registration Plate Record indicated that some insurance coverage had been issued with respect to the offending vehicle prior to the accident. Although it appears that that coverage may have been terminated, the police accident report indicated coverage as of the time of the accident. That issue should have been resolved at a hearing (see, Matter of National Gen. Ins. Co. [Makofske], 100 AD2d 905). Bracken, J. P., Lawrence, Kunzeman and Spatt, JJ., concur.