■ In the Matter of COLONIAL PENN INSURANCE COMPANY, Respondent, v KENNETH FELDMAN, Appellant.—In a proceeding to stay arbitration, the appeal is from a judgment of the Supreme Court, Nassau County (Collins, J.), dated June 24, 1987, which, *inter alia,* granted, without a hearing, the petitioner's application.

Ordered that the judgment is reversed, with costs, and the matter is remitted to the Supreme Court, Nassau County, for a hearing and for further proceedings consistent herewith; and it is further,

Ordered that pending that hearing, arbitration is temporarily stayed; and it is further,

Ordered that the petitioner is directed to serve a supplemental notice of petition (CPLR 305 [a]) and amended petition upon Louis Fisher and First Central Insurance Co. setting forth a cause of action against those parties for a judgment declaring the existence of insurance coverage with respect to the alleged offending vehicle.

On January 8, 1986, the appellant Kenneth Feldman was allegedly injured while he was operating an automobile owned by Benjamin Feldman. The Feldman vehicle allegedly collided with an automobile owned by Louis Fisher and driven by Leah Fisher. On March 18, 1987, the appellant served upon the petitioner Colonial Penn Insurance Company (hereinafter Colonial Penn) a demand for arbitration pursuant to the uninsured motorist clause of the Colonial Penn automobile policy which had been issued to Benjamin Feldman. It was the appellant's contention that the Fisher vehicle was uninsured at the time of the accident.

By notice of petition, Colonial Penn moved (1) to permanently stay arbitration or to temporarily stay arbitration pending a hearing and determination regarding certain preliminary issues and (2) that Louis Fisher and First Central Insurance Company (hereinafter First Central) be added as named respondents. In support of its petition, Colonial Penn alleged, in pertinent part, (1) that on the day of the accident the Fisher vehicle was insured by First Central, as evidenced by the police accident report, which contained the notation "078" in the space provided for insurance code information,

and (2) that a purported notice of cancellation allegedly sent by First Central to Louis Fisher was invalid. It was contended, however, that the validity of any cancellation of insurance "must be determined at a preliminary hearing" and Louis Fisher and First Central should be added as respondents.

In addition, it was alleged that the appellant had not given timely written notice of his intention to make a claim under Colonial Penn's uninsured motorist endorsement. Colonial Penn contended that the appellant had delayed about 14 months from the date of the accident until the first written notice was given to it and that Feldman "must explain" this purported 14-month delay at a hearing.

Under these circumstances, we find that it was error to grant a permanent stay of arbitration without a hearing. Colonial Penn's motion papers and supporting documentation raised threshold issues of fact which should be resolved at a hearing after First Central and Fisher are added as parties respondent (see, Matter of Insurance Co. v Hartfield, 143 AD2d 667). Lawrence, J. P., Spatt, Eiber and Balletta, JJ., concur.